IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE STATE OF LOUISIANA *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY *et al.*, <br><br> *Defendants*. | Action No. 2:23-CV-01839-DJP-JVM <br> Section P <br> District Judge Darrel J. Papillion <br> Magistrate Judge Janis van Meerveld |

## DEFENDANTS' MOTION TO EXTEND TIME TO FILE THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

On October 1, 2021, Defendant Federal Emergency Management Agency (FEMA) adopted an actuarial update to the National Flood Insurance Program called Risk Rating 2.0, replacing a legacy system developed when FEMA first began providing flood insurance in the 1970s. Risk Rating 2.0 was the product of many years of development by FEMA and its private sector partners, in coordination with its state and local government partners. This rate-setting methodology leverages industry best practices and cutting-edge technology to enable FEMA to deliver rates that are actuarily sound, equitable, easier to understand, and reflect a property's flood risk better than the outdated legacy system. Risk Rating 2.0 premium rates have been in effect for new policyholders, and existing policyholders who opted to utilize those rates, since October 1, 2021. It began to take effect for all other policyholders on April 1, 2022, and was fully implemented as of April 1, 2023.

Plaintiffs, a group of states and local government entities who object to Risk Rating 2.0, seek an emergency preliminary injunction that would disrupt the status quo by enjoining the already fully-implemented rating system. Plaintiffs have not explained why these premium rates,

which have been in effect for over 1.5 years and which benefit policyholders and the public fisc (94.1 percent of policyholders have seen either a decrease or an increase of less than $20 per month in their premiums), must be enjoined immediately and without the requisite review of the agency's reasoning and underlying data. Plaintiffs claim that FEMA acted beyond its statutory authority (it didn't) and failed to consider the relevant factors when it developed and implemented Risk Rating 2.0 (it did consider such factors). This Court's review of these claims under the Administrative Procedure Act (APA) must be based on the administrative record compiled and certified by the agency. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (judicial review in an APA case must be based upon the "full administrative record that was before [the agency] at the time [it] made [its] decision"). FEMA is diligently working to prepare the complete Administrative Record. As explained in the attached declaration, the process of compiling and producing the Administrative Record will take approximately six to nine months given the complexity of Risk Rating 2.0 and the wide variety and complexity of the underlying data. *See* Ex. 1, Maurstad Decl. ¶ 26. However, to facilitate judicial review of Plaintiffs' Motion for a Preliminary Injunction—particularly review of Plaintiffs' likelihood of success on the merits— FEMA is prepared to file a condensed record with key documents that the agency considered in developing Risk Rating 2.0. *Id.*¶ 27. FEMA estimates that this condensed record would take two months to compile. *Id*. Rather than adjudicate Plaintiffs' self-proclaimed emergency motion without the benefit of the key aspects of the record upon which the agency based its decision, the Court should permit FEMA to compile this condensed record and extend the time for Defendants to file their opposition by two months.[1] Two factors support this approach in this case.

---

[1] Defendants proposed to Plaintiffs a schedule under which FEMA would produce the complete administrative record, followed by consolidated preliminary-injunction and summary-judgment

*First*, there is no emergency that necessitates preliminary relief or proceeding on an extremely accelerated timeline. Risk Rating 2.0 premium rates took effect for new NFIP policies, as well as existing policies that opted into the new premium rates, nearly two years ago, on October 1, 2021. And Risk Rating 2.0 began to take effect on April 1, 2022 for all other policies. Yet Plaintiffs waited until June 14, 2023 to file their Motion for a Preliminary Injunction. Furthermore, Plaintiffs have not substantiated an irreparable injury that would occur in the few additional months it will take to compile a condensed record and adjudicate Plaintiffs' motion. To the contrary, Risk Rating 2.0 is a critical step in bridging the $36 billion gap between NFIP premiums collected and claims paid. *See* Risk Rating 2.0 is Equity in Action 1 (Apr. 2021), https://www.fema.gov/sites/default/files/documents/fema_rr-2.0-equity-action_0.pdf. And it is a fair step at that: the vast majority of policyholders have seen either a decrease in premiums or increase of less than $20 per month. *See id.*

*Second*, the parties and the Court would greatly benefit from the Administrative Record, even in its condensed form. Plaintiffs challenge Risk Rating 2.0 as arbitrary and capricious and contrary to law under the APA, but Plaintiffs' Complaint and Motion present an incomplete picture of FEMA's decision to adopt Risk Rating 2.0 and the evidence on which that decision was based. For example, Plaintiffs argue that Risk Rating 2.0 should be preliminarily enjoined because FEMA "failed to consider the skyrocketing costs generated by the new policy." Pls.' Mot. Prelim. Inj. 17, ECF No. 16-1. Far from arbitrary "skyrocketing costs," the Administrative Record will show that FEMA conducted a thorough cost-benefit analysis and that Risk Rating 2.0 has resulted in

---

briefing. This would have the added benefit of streamlining briefing for the Court, the parties in this case, and the parties in *Hebert v. Mayorkas*, No. 23-cv-1869 (E.D. La. filed June 3, 2023), which was recently transferred to this Court and which involves substantially similar claims. Plaintiffs did not agree to that proposal, but if the Court wishes to explore such a schedule, Defendants would welcome a status conference.

reasonable, fact-based, and actuarily sound prices. And even with respect to Plaintiffs' claims alleging that FEMA acted contrary to statute, the Administrative Record will provide important insight into the agency's understanding of its statutory authority. *See, e.g.*, *Robinson v. Veneman*, 124 F. App'x 893, 895 (5th Cir. 2005) (explaining that the "administrative record is also reviewed to determine whether the challenged action was 'contrary to constitutional right, power, privilege, or immunity'" (quoting 5 U.S.C. § 706(2)(B))).

The Administrative Record is therefore essential to addressing the merits of Plaintiffs' APA claims. Judicial review in an APA case such as this must be based upon the "full administrative record that was before [the agency] at the time [it] made [its] decision," *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Saunders*, 430 U.S. 99 (1977); *see also, e.g.*, *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573 (2019); 5 U.S.C. § 706 ("In making the foregoing determinations, the court *shall* review the whole record or those parts of it cited by a party[.]" (emphasis added)). At present, the only materials before the Court are Plaintiffs' declarations, which were not before FEMA when it developed Risk Rating 2.0, and are therefore irrelevant to the merits of Plaintiffs' claims. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.") (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973))). Permitting FEMA to compile and produce at least a condensed administrative record would therefore allow more meaningful judicial review.

For these reasons, Defendants propose that the Court enter the following schedule:[2]

---

[2] Defendants' counsel has conferred with Plaintiffs' counsel, who indicated that they oppose this Motion. However, Plaintiffs' counsel stated that "Plaintiffs would be amendable to a modest extension of FEMA's response due date from July 18 to July 30."

- September 14: FEMA lodges the AR.

- October 12: Defendants files their Opposition to Plaintiffs' Motion for a Preliminary Injunction.

- November 2: Plaintiffs file their Reply in Support of Their Motion for a Preliminary Injunction.

In addition, and to avoid this Motion becoming moot, if the Court denies this Motion, Defendants request that their deadline to respond to Plaintiffs' Motion for a Preliminary Injunction be extended until 14 days after such a ruling and that the hearing on Plaintiffs' Motion be continued until 30 days after such a ruling.

Dated: July 6, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*Benjamin Takemoto*
BENJAMIN T. TAKEMOTO
(DC Bar # 1045253)
YOSEPH T. DESTA
(CA Bar # 332179)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*

5