# EXHIBIT 5

GARRET GRAVES
6TH DISTRICT, LOUISIANA

2402 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-3901

# Congress of the United States
## House of Representatives
### Washington, DC 20515-1806

April 06, 2022

The Honorable Shalanda Young
Director, Office of Management and Budget
725 17th Street, NW
Washington, D.C. 20503

Dear Director Young:

On April 1, the Federal Emergency Management Agency's new pricing methodology went into effect for all National Flood Insurance Program (NFIP) policyholders. In advance of Risk Rating 2.0's rollout, I repeatedly expressed my concerns to FEMA about what this new rating system would mean for coastal and riverine communities and homeowners on a fixed or low- to moderate-income.

Under Risk Rating 2.0, 90% of Louisiana ratepayers subject to an increase in their flood insurance premiums can expect to see their annual cost increase by 18% per year for the next ten years. In practice, this means that a policy that was zoned to cost $572 per year in 2021 may eventually exceed $8,000 per year. While FEMA assured us that most ratepayers would not see exponential increases, the proof is in the quotes that the NFIP has provided to homeowners over the last 6 months. When the program was rolled out for new policies on October 1, Louisiana communities immediately began reporting concerns that Risk Rating 2.0 will have a chilling effect on local economies by jeopardizing planned construction, forcing people out of their homes, diminishing property values, and taking entire neighborhoods out of commerce. Furthermore, I am concerned that Risk Rating 2.0 will have an overall negative effect on NFIP participation, driving up federal disaster recovery costs.

The Office of Management and Budget is tasked with coordinating and reviewing all significant Federal actions. Under current law[1], a "significant regulatory action" triggers a review by OMB's Office of Information and Regulatory Affairs (OIRA) if it is likely to 1) have an annual effect on the economy of $100 million or more or adversely affect in a material way the economy, or State, local, or tribal governments or communities; 2) create a serious inconsistency or otherwise interfere with an action taken or planned by another agency; 3) materially alter the budgetary impact of entitlements, grants, user fees, or loan programs or the rights and obligations of recipients thereof; or 4) raise novel legal or policy issues. Not only is Risk Rating 2.0 a material alteration of the NFIP (a user fee program), but it is also an

---

[1] Executive Order 12866. Regulatory Planning and Review; 58 Fed. Reg 51735 (September 30, 1993).

economically significant action that should have triggered an OIRA regulatory review *and* a cost-benefit analysis. I am formally requesting that OMB make public the results of the OIRA process or any other regulatory review of Risk Rating 2.0 that occurred under this or the two prior Administrations. If Risk Rating 2.0's rollout was not subject to such a review, I would like an explanation why.

It is alarming enough that such a significant transformation of the NFIP could happen through executive action, with little to no Congressional oversight. However, given your office's role in overseeing the impacts of regulatory changes made by other executive agencies, it is concerning to me that no public information is available to indicate whether or not Risk Rating 2.0 underwent any portion of the regulatory review process. The American people deserve an accessible and open regulatory oversight process, and the magnitude of Risk Rating 2.0's impact on state and local economies cannot be overstated.

Thank you for your prompt attention to the urgent request.

Sincerely,

Garret Graves
Member of Congress