# EXHIBIT 15

**Congress of the United States**
Washington, DC 20515

September 24, 2021

The Honorable Deanne Criswell
Administrator
Federal Emergency Management Agency
500 C Street, Southwest
Washington, D.C. 20472

Dear Administrator Criswell:

Thank you for your leadership and for your attention to the pressing issues we face as we continue a long but sure path of recovery in this pandemic era.

We urge you to delay application of the new National Flood Insurance Program (NFIP) rate-setting plan, Risk Rating 2.0, until more information is released to the public. The nation stands to gain from a key pursuit of Risk Rating 2.0, to improve flood risk assessment and communication, but the promise of these and other objectives must be demonstrated using transparent data, reproducible methods, and procedural due process.

We agree that the NFIP needs significant reform. Many of us have worked in bipartisan fashion over several years to improve NFIP performance for the benefit of policyholders and national preparedness. Risk Rating 2.0 will perhaps offer useful contributions to improved NFIP performance. However, the absence of supporting technical data prevents thorough public review, understanding, and productive scrutiny of long-term Risk Rating 2.0 rates, new program mandates, and new procedures, including new agency procedures for levee-protected areas. Additionally, at a time when COVID-19 impacts continue and is in a state of resurgence, local economies remain fragile and unemployment rates have not returned to pre-pandemic levels. We must redouble our efforts to ease the burdens on household and small business budgets.

The stakes are high with billions of dollars of property value and economic activity hanging in the balance. We have many concerns about Risk Rating 2.0 and the adverse impact it may have on families and businesses throughout the nation. Unfair or disproportionate flood insurance rates and program procedures could have severe and unintended impacts on the real estate market, property values, and the revenues of local governments. Several parts of the country endured these circumstances soon after enactment of the Biggert-Waters Act of 2012. Without opportunity to adequately review underlying Risk Rating 2.0 data, receive informed public input, and then modify the plan accordingly, we risk repeating those avoidable mistakes.

Long-term NFIP solvency relies on policyholder rate payments. Program costs involving payments to write-your-own insurers, FEMA operating expenses, and interest payments on outstanding debt are also consequential to NFIP solvency. Policyholder rate increases should not occur without commensurate NFIP cost reductions.

For these and other reasons, we respectfully request that you work with us to eliminate conspicuous data gaps for Risk Rating 2.0, conduct independent peer review of technical assessments and modeling, make the computation of NFIP rates reproducible, perform comprehensive economic impact analysis, reinstate meaningful rights of appeal, and guarantee full and open public participation through Administrative Procedure Act rulemaking. Application of the new Risk Rating 2.0 rate-setting plan for NFIP policyholders should not proceed until at least 12 months after FEMA has successfully performed these essential duties to clearly disclose the broad benefits, costs, and potential unintended consequences of the Risk Rating 2.0 plan.

Thank you for your attention to this matter. Please contact us if you have any questions about this urgent request.

Sincerely,

Eric A. "Rick" Crawford
Member of Congress

Mike Bost
Member of Congress

Rodney Davis
Member of Congress

Sam Graves
Member of Congress

Trent Kelly
Member of Congress

Jason Smith
Member of Congress

Ann Wagner
Member of Congress

Steve Womack
Member of Congress