# EXHIBIT 21

**FORT BEND COUNTY MAYOR & COUNCIL ASSOCIATION**

ARCOLA
BEASLEY
FULSHEAR
HOUSTON
KATY
KENDLETON
MEADOWS PLACE
MISSOURI CITY
NEEDVILLE
ORCHARD
PLEAK
RICHMOND
ROSENBERG
SIMONTON
STAFFORD
SUGAR LAND
TOWN OF THOMPSONS
VILLAGE OF FAIRCHILDS
WESTON LAKES

August 19, 2021

RE:  NFIP and FEMA Risk Rating 2.0

Honorable US House and Senate Members,

On behalf of the communities that we serve and the Fort Bend County Mayors and Council Association (FBMCA), we are writing to you about the urgent need to ***delay implementation*** of "Risk Rating 2.0: Equity in Action" until the Federal Emergency Management Agency (FEMA) has disclosed important information and provided a formal notice and public comment opportunity. **The internally-developed** Risk Rating 2.0 proposal, scheduled to take effect on October 1, 2021, is an unprecedented FEMA overhaul of flood insurance price-setting under the National Flood Insurance Program (NFIP).

Risk Rating 2.0 was unveiled by FEMA on April 1, 2021, after five years of **internal deliberations** involving agency contractors.  Of the more than 5 million NFIP policyholders nationwide, FEMA estimates that 77 percent will pay higher flood insurance rates under Risk Rating 2.0; in Texas, 86 percent of the 768,600 NFIP policyholders will see increased flood insurance rates; and in Fort Bend County, more than 95 percent of the 64,584 NFIP policyholders will see an increase.  It is unprecedented, after applying consistent NFIP price-setting methods for more than 50 years, that FEMA would seek to hurriedly finalize transformative NFIP rate calculation changes without publishing important underlying data or soliciting and considering informed public input.  For these and other reasons, we respectfully request that you work across party lines to immediately delay Risk Rating 2.0 implementation until one year after FEMA has publicly disclosed all new rates and all data, methods, models, and assumptions used by the agency and its consultants to formulate this new approach.

The NFIP ratemaking changes, ostensibly created to better reflect flood risk using new public and proprietary information and tools, are not supported by publicly available information needed to test FEMA's methodologies and verify the accuracy and fairness of future rates.  For example, the public lacks access to assumed flood probabilities, observed and assumed flood risks, and the proposed treatment of leveed areas.  Because of the potential impact to future floodplain management, residential and commercial property values, taxable market value, and local government services, it is important for FEMA to demonstrate to the public the efficacy of its new approach before its launch.

To help understand whether increased NFIP revenues is fair and smart public policy, FEMA must not only disclose its data and assumptions underlying Risk Rating 2.0, but it must also shed light on NFIP administrative costs and expenses. We therefore request that you obtain up-to-date accounting by FEMA of rate payment revenues that the agency has collected from policyholders over the life of the program, along with NFIP claim payment totals made over the life of the program.

**RE: NFIP and FEMA Risk Rating 2.0**
Pg. 2

As part of this financial disclosure, FEMA must also provide its accumulative NFIP operating costs, including multiyear agency payments to Write-Your-Own insurers, contractor costs, and the interest payments it has made on outstanding program debt. Full financial disclosure is integral to public acceptance of both Risk Rating 2.0 and separate reforms that Congress might debate as part of a long term NFIP reauthorization. Before any administrative or legislative reforms of the NFIP are finalized, NFIP policyholders and taxpayers deserve a clear, objective, and across-the-board presentation of historical program revenues and costs.

The FBMCA shares the goals of "increasing public confidence in the NFIP," "putting the NFIP on stronger financial footing," accurately reflecting risks, however, this can only be done when the new rates are reproducible for an individual property and the methodology is made available to the public.

We request that Congress step in before it is too late. Until such time that FEMA fills the public Risk Rating 2.0 data gaps, abides by the terms of peer review and reproducibility required by the Information Quality Act, and guarantees meaningful public participation opportunities through rulemaking, Risk Rating 2.0 should not go forward.

Thank you for your attention and assistance. Please let us know if you need any additional information from us.

Sincerely,

Charles Jessup – Chairman; Fort Bend Mayor & Council Association    281-642-7702

Mayors of Fort Bend County