# EXHIBIT 26

# NFIP LEGISLATIVE PROPOSALS
## May 2022

### *Sound Financial Framework*

**1. Findings in Support of a Sustainable National Flood Insurance Program** – Clarifies legislative intent that is implicit throughout the National Flood Insurance Act of 1968 (NFIA) in support of full-risk rates and other measures to ensure a sound financial framework.

**2. Borrowing Authority** – Eliminates interest on future debt and decreases the NFIP's borrowing authority to two-thirds of total expected premiums in force in the following fiscal year.

**3. Establishing Financial Resilience** – Allowing liquidity to quickly pay claims in most situations without future detriment is important to the financial solvency of the program. The combination of NFIP resources, risk-transfer arrangements, and reasonable borrowing authority allows the NFIP to manage events up to a 1-in-20 occurrence exceedance loss level while aligning the Reserve Fund collections more closely to risk.

### *Risk Analysis and Communication*

**4. Risk-Informed Approach for a Modern NFIP** – Simplifies and clarifies FEMA's mapping authority and provides the flexibility to produce regulatory maps and non-regulatory flood hazard and flood risk information products to enhance the nation's understanding of flood risk that include future climate projections.

**5. Disclosure of Flood Risk Information Prior to Real Estate Transactions** – A significant barrier to addressing the nation's flood risk is home buyers' and renters' lack of awareness about flood risk when they complete real estate and lease transactions. This proposal would require states to establish certain minimum flood-risk reporting requirements for sellers and lessors before residential transactions close as a condition for participation in the NFIP.

**6. Use of Replacement Cost Value in Determining Premium Rates** – Accounts for the replacement cost value (RCV) of insured structures when determining premium rates. Use of RCV of insured structures in setting NFIP rates will reduce cross-subsidies and more accurately signal policyholders' true risk.

**7. Consideration of Coastal and Inland Locations in Determining Premium Rates** – Creates separate classes for coastal versus inland flood zones in the NFIP's rate tables.

### *Improve Resilience*

**8. Multi-Year Reauthorization** – Extends the NFIP through September 30, 2031, ensures that this reauthorization is backdated to the date of the lapse, if there is a lapse, and ensures that FEMA is able to sell and service policies, even during a lapse of appropriations.

**9. Means-Tested Assistance Program** – Establishes a means-tested assistance program offering a graduated discount benefit to current and potential policyholders who meet the Department of Housing and

Urban Development's definition of low- and moderate-income household (household income at or below 120% of Area Median Income).

**10. Excessive Loss Properties** – Creates a new category of Excessive Loss Properties (XLP), defined as structures with four or more paid losses of at least $10,000 each, and prevents FEMA from offering coverage for XLPs. Allows a structure to be removed from an XLP classification if the structure is mitigated in line with state and local requirements. Updates the definitions of Repetitive Loss Structures and Severe Repetitive Loss Structures.

**11. Flood Compliance and Mitigation Coverage** – Enables policyholders to purchase higher coverage limits to cover the cost of complying with floodplain management ordinances or laws.

**12. Increase Maximum Coverage Limits** – Increases the NFIP's maximum coverage limits for structures and contents and index them to Fannie Mae/Freddie Mac conforming loan limits so that they can adjust periodically with housing costs.

**13. Study the Efficacy of the Mandatory Purchase Requirement**– Direct the Government Accountability Office to study how well the NFIP's mandatory purchase requirement meets the Congress' intent to increase the number of Americans covered by flood insurance, including renters and property owners in low-income areas.

**14. Prohibit Coverage for New Construction in High-Risk Areas/Commercial Properties** – Prohibits NFIP coverage for new construction in the highest-risk areas and commercial properties to promote the growth of the private market by creating an inventory for new flood risk properties for which private insurance companies could compete.

*Technical and Operational Enhancements*

**15. Clarify Period to File Suit** – Requires that policyholders exhaust the administrative appeals process prior to initiating a lawsuit. Revises the statute of limitations to allow policyholders to sue FEMA not later than 90 days after the appeal decision date, rather than the current timeframe of one year after denial of a claim.

**16. Reduce Reporting Complexity** – Reducing the reporting complexity for the NFIP means that, in a two-year period, reports due to the Congress decrease from 15 to 4 while providing similar and more timely information.

**17. Remove Barriers to Switching to Private Policies** – Allows flood insurance coverage to satisfy any continuous coverage requirements imposed by the NFIP.