## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

THE STATE OF LOUISIANA, *et al.*,

        *Plaintiffs*,

    v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

        *Defendants.*

Action No. 2:23-CV-01839-DJP-JVM
Section P
District Judge Darrel J. Papillion
Magistrate Judge Janis van Meerveld

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE

Defendants respectfully request that the Court prohibit testimony at the forthcoming motions hearing related to Plaintiffs' likelihood of success on the merits. Such testimony is inadmissible, irrelevant, and prejudicial, and the Court is well within its discretion to bar Plaintiffs from eliciting it. *See, e.g.*, *United States v. Hamdan*, 537 F. Supp. 3d 870, 879 (E.D. La. 2021); *Babin v. Plaquemines Par.*, No. CV 18-7378-WBV-DMD, 2019 WL 5540245, at \*2 (E.D. La. Oct. 25, 2019).

As Defendants have previously explained, the Court's review of Plaintiffs' claims is limited to the administrative record. *See* Defs.' Mem. in Support of Mot. Extend Submission Date for Pls.' Mot. Prelim. Inj. 4, ECF No. 34-1; Defs.' Reply in Support of Their Mot. Dismiss 1–3, ECF No. 78-2. One of the "fundamental principles of judicial review of agency action," *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985), is that judicial review of challenges to agency action is limited to "the whole record or those parts of it cited by a party," 5 U.S.C. § 706; *see also Medina Cnty. Env't Action Ass'n v. NTSB*, 602 F.3d 687, 706 (5th Cir. 2010). Plaintiffs do not dispute that their claims in this case are all brought pursuant to the Administrative Procedure Act (APA).  The APA provides a limited waiver of sovereign immunity to challenge certain agency actions, and one of the conditions of that waiver is that review of such actions is limited to the administrative record that was before the agency at the

1

time of its decision. As one district court explained, "[t]he APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on statutory or constitutional deficiencies was entitled to broad-ranging discovery." *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004).

Despite this well-established rule, Plaintiffs seek to introduce testimony at the upcoming motions hearing to support their position that they are likely to succeed on the merits. Plaintiffs made their intentions clear only at today's telephonic status conference, despite Defendants' attempts to clarify the scope and topics of the witnesses' testimony multiple days ago.[1] But extra-record, post-hoc testimony is irrelevant to the merits of their claims. *See, e.g.*, *Medina Cnty. Env't Action Ass'n*, 602 F.3d at 706–07; *Optimus Steel, LLC v. U.S. Army Corps of Engineers*, No. 1:20-CV-00374, 2020 WL 13042508, at *2 (E.D. Tex. Sept. 22, 2020) (prohibiting testimony at a preliminary injunction hearing because it "has no bearing on the merits of Plaintiff's pleaded statutory claims" and "is outside the proper scope of administrative review"); *Souza v. Cal. Dep't of Trans.*, No. 13-cv-04407, 2014 WL 1760346, at *7 n.1 (N.D. Cal. May 2, 2014) (noting a court "may properly consider [extra-record evidence at the preliminary injunction stage] not for the merits of Plaintiffs' claims but for the limited purpose of assessing irreparable harm."); *Coal. of Concerned Citizens to Makeartsmart v. Fed. Transit Admin. Of U.S. Dep't of Transportation*, No. CV 16-252 KG/KBM, 2016 WL 9150616, at *3 (D.N.M. July 15, 2016) (declining to consider declarations at preliminary injunction stage in deciding likelihood of success on the merits); *Nw. Env't Def. Ctr. v. U.S. Army Corps of Engineers*, 817 F. Supp. 2d 1290, 1300–01 (D. Or.

---

[1] Defendants received Plaintiffs' witness list on the evening of September 7. In emails to Plaintiffs' counsel on Friday, September 8, and Monday, September 11, Defendants inquired whether Plaintiffs would be willing to limit witness testimony to the issues of standing and irreparable harm. On Monday evening, Plaintiffs responded that they would agree to limit the scope of witness testimony in this fashion only if Defendants would stipulate that Plaintiffs had satisfied the likelihood of success (as well as the balance of equities and public interest) factors of their preliminary injunction motion. And Plaintiffs stated that they were not in a position to identify the topics that their witnesses would testify about.

2011) (similar). The Court *cannot* consider such evidence in determining whether Plaintiffs prevail on their APA challenge to Risk Rating 2.0. The Court's review must be limited to the administrative record, which Plaintiffs have notably prevented from being lodged by objecting to FEMA's request for sufficient time to prepare an administrative record. *See* Pls.' Opp'n Defs.' Mot. Extend Submission Date, ECF No. 38.

At the September 12, 2023, status conference, Plaintiffs argued that the record review rule applies only at summary judgment. That argument makes no sense: if witness testimony is irrelevant to the merits, it is necessarily irrelevant to the likelihood of success on the merits. The preliminary injunction posture does not give Plaintiffs license to circumvent the fundamental principle that the "focal point for judicial review should … not [be] some new record made initially in the reviewing court" to question the propriety of the challenged agency conduct. *Fla. Power & Light Co.*, 470 U.S. at 743. And indeed, courts routinely reject witness testimony at preliminary injunction hearings in record review cases. *See, e.g.*, W. *Expl. LLC v. U.S. Dep't of the Interior*, No. 3:15-C-00491-MMD-VPC, 2015 WL 7195156, at *2 (D. Nev. Nov. 16, 2015) (limiting testimony of plaintiffs' witnesses at preliminary injunction hearing to bar witnesses from testifying about the "correctness or wisdom of the [agency's] decision," as such testimony would violate the record review rule); *Optimus Steel, LLC*, 2020 WL 13042508, at *2. Plaintiffs also argued that they need testimony to satisfy their burden of proof to show likelihood of success on the merits. This is wrong for the same reason. It is indeed Plaintiffs' burden to show that they are likely to succeed on the merits, but they cannot satisfy that burden by presenting evidence that the Court cannot consider.

Accordingly, the Court should not allow witness testimony on Plaintiffs' likelihood of success on the merits.

Dated:  September 12, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*Benjamin Takemoto*
BENJAMIN TAKEMOTO
(DC Bar # 1045253)
YOSEPH T. DESTA
(CA Bar # 332179)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4252
Email: benjamin.takemoto@usdoj.gov

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources
Division

KRYSTAL-ROSE PEREZ
(TX Bar # 24105931)
Trial Attorney
United States Department of Justice
Environment & Natural Resources
Division
P.O. Box 7611, Ben Franklin Station,
Washington, D.C. 20044
Tel: (202) 305-0486
Email: krystalrose.perez@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2023, the foregoing was filed electronically through ECF/CM.  On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

*Benjamin Takemoto*
BENJAMIN T. TAKEMOTO
Trial Attorney, U.S. Department of Justice