UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 2:23-CV-01839-DJP-JVM <br><br> JUDGE DARREL PAPILLION <br><br> MAGISTRATE JUDGE JANIS VAN MEERVELD |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE**

Plaintiffs respectfully oppose Defendants' motion to prohibit testimony related to Plaintiffs' likelihood of success on the merits. *See* ECF No. 85-1. First, the record rule does not apply here. Second, Defendants' position conflicts with their own introduction of extra-record evidence.

**I.    THE RECORD RULE DOES NOT APPLY.**

The "so-called 'record rule,'" *Lewis v. Army Corps of Engineers*, 2019 WL 13115362, at *2 (E.D. La. Mar. 28, 2019), is a rule with more exceptions than applications. The more fundamental rule is that evidence is presumptively admissible. F.R.E. 402. There are certain circumstances where courts cannot consider evidence beyond the "administrative record." But those circumstances are restricted, and they do not apply here for at least three independent reasons.

First, there is no administrative record. As the Fifth Circuit has explained, when "the agency failed to explain administrative action so as to frustrate judicial

1

review," or when "the district court needed to supplement the record with 'background information' in order to determine whether the agency considered all of the relevant factors," parties can submit their own evidence. *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010). Otherwise, courts would have no basis for deciding questions without administrative records. *See Nat'l L. Ctr. on Homelessness & Poverty v. Dep't of Veterans Affs.*, 842 F. Supp. 2d 127, 131 (D.D.C. 2012) ("[A]bsent an administrative record constituting the materials upon which the agencies arrived at some decision to which this Court, upon review, might defer, plaintiffs would likely be entitled to some discovery to enable meaningful judicial review"). And although Defendants say that Plaintiffs "prevented [the administrative record] from being lodged," ECF No. 85-1 at 3, Plaintiffs only opposed Defendants from using their own failure to lodge the administrative record to prolong Plaintiffs' right to preliminary relief. *See* ECF No. 38. If Defendants' tactic worked, "an agency would have little incentive to prepare an adequate and reviewable administrative record." *Citizen Advocates for Responsible Expansion, Inc. v. Dole*, 770 F.2d 423, 438 n.18 (5th Cir. 1985).

Second, this is a preliminary injunction. At the preliminary-injunction stage, "the trial court should be allowed to give even inadmissible evidence some weight when it is thought advisable to do so in order to serve the primary purpose of preventing irreparable harm before a trial can be held." *Federal Sav. Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987); *accord Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "[A]t the preliminary injunction stage, the procedures in the

district court are less formal, and the district court may rely on otherwise inadmissible evidence[.]" *Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993) (citation omitted). Allowing additional evidence comports with the expectation of "leniency in the preliminary injunction stage." *Dixon*, 835 F.2d at 558.

For that reason, courts routinely allow plaintiffs to submit evidence at the preliminary-injunction stage of APA challenges. One of the textbook "exceptions" to the record-rule is "in cases where relief is at issue, *especially at the preliminary injunction stage.*" *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989) (emphasis added). Therefore, "courts have generally permitted extra-record discovery . . . in preliminary injunction cases." *La Union Del Pueblo Entero v. FEMA*, 2011 WL 1230099, at *9 (S.D. Tex. Mar. 30, 2011). "'[I]n cases where relief is at issue, especially at the temporary injunction stage,' [courts] may consider extra-record evidence to aid us in reaching [a] decision." *Pegasus Equine Guardian Assoc. v. United States Army*, 2018 WL 2760339, at *2 (W.D. La. Mar. 9, 2018) (quoting *Esch*, 876 F.2d at 991), *report and recommendation adopted*, 2018 WL 2745985. Last month, the Fifth Circuit affirmed a preliminary injunction while heavily relying on declarations, much like the testimony of Plaintiffs' witnesses here, to show the likelihood of success on the merits. *See All. for Hippocratic Med. v. FDA*, 2023 WL 5266026, at *26 (5th Cir. Aug. 16, 2023); *see also* ECF No. 38 (Plaintiffs' Opp. to Extension Mot.) at 4-5 (collecting cases). It would be news to the Fifth Circuit if that were error.

Third, at any stage, Plaintiffs are entitled to introduce evidence to explain subjects of a "complex nature." *Arkla Exploration Co. v. Tex. Oil Gas Corp.*, 734 F.2d

3

347, 357 (8th Cir. 1984). When evidence "can be deemed a clarification or an explanation of the original information," it is not subject to any record rule. *Association of Pacific Fisheries v. EPA*, 615 F.2d 794, 811 (9th Cir. 1980) (Kennedy, J.); *accord Spiller v. Walker*, 2002 WL 1609722, at *7 (W.D. Tex. July 19, 2002), *aff'd sub nom. Spiller v. White*, 352 F.3d 235 (5th Cir. 2003) (allowing extra-record evidence "when 'necessary to explain technical terms or complex subject matter'"). The matters at issue in this case are complicated, and Plaintiffs' witnesses' testimony will elucidate it.

At least one more exception is partially relevant here. Plaintiffs are entitled to introduce evidence at any stage to support constitutional claims. *See, e.g.*, *California v. DHS*, 612 F. Supp. 3d 875, 896 (N.D. Cal. 2020) ("[S]everal courts recognize that discovery may be appropriate for a constitutional claim involving agency action."); *Florida v. United States*, 2022 WL 2431442, at *2 (N.D. Fla. June 6, 2022) (allowing extra-record evidence for constitutional claims against agency action). Evidence relevant to Plaintiffs' Spending Clause claim is therefore admissible for that reason too. ECF No. 14-2 (Plaintiffs' PI Mem.) at 40.

Defendants say that their hardline rule is well-established, but cite only one Fifth Circuit case, and that case does not help them. *See Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687 (5th Cir. 2010). The Fifth Circuit in *Medina County* considered circumstances involving none of the three exceptions above. *Id.* And it denied the motion to supplement the administrative record not based on the absolute bar that Defendants suggest, but primarily because the new

4

evidence was irrelevant. *Id.* at 706. That evidence showed how one bird species—the "golden-cheeked warbler"—reacted to certain industrial development. *Id.* But that bird species did not live near the development at issue in the case. *Id.* The court even suggested that it still might have admitted the evidence if it "contain[ed] information potentially adverse to the [agencies'] Decision" or "set out additional factors that the [agencies] failed to consider." *Id.* at 706–07. The Court in *Medina County* also went out of its way to observe that courts may allow further evidence when "the agency failed to explain administrative action so as to frustrate judicial review," *id.*, which is the case here.

Likewise, Defendants cite only a single Supreme Court case, which also does not help it. That case was about whether district or circuit courts should handle initial review of certain agency challenges, and it stated in dicta that judicial review of agency action usually depends on the agency record. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985). The Court did not address the scope of that rule or any of the circumstances present here.

## II. DEFENDANTS' POSITION CONFLICTS WITH THEIR OWN INTRODUCTION OF EXTRA-RECORD EVIDENCE.

One of the curiosities of Defendants' position is how to reconcile it with their own introduction of extra-record evidence for likelihood-of-success considerations in this case. They have submitted many pages of non-record evidence in the preliminary-injunction briefing. *See, e.*g., ECF No. 53-5 (Declaration of Lloyd 'Tony' Hake); ECF No. 47-3 (Declaration of David I. Maurstad). And they have asked this Court to rule for them on the likelihood-of-success prong based on their own non-record evidence.

*See, e*.g., ECF No. 53-2 at 25 (arguing likelihood of success on arbitrary-and-capricious and contrary-to-law claims based on its non-record declarations). Defendants' only explanation for why these declarations may be considered is that one "elucidates" the record and the other is just "helpful." ECF No. 53-2 at 3 n.1, 2. That is a much more lenient tune than the hardline position they are now pushing.

And if anything, that is the opposite of how the limits on extra-record evidence are supposed to work. The record rule was supposed to prevent *agencies* from reformulating the record after they were sued. "Agency action is to be upheld, if at all, on the basis of the record before the agency at the time it made its decision." *Louisiana ex rel. Guste v. Verity,* 853 F.2d 322, 327 n.8 (5th Cir. 1988); *accord Texas v. EPA*, 690 F.3d 670, 682 (5th Cir. 2012). In fact, the implication of Defendants' position is that there is no basis for "uph[o]ld[ing]" its action at this stage. *Verity*, 853 F.2d at 327 n.8. After all, how could the Court conclude that the agency likely "considered important factors," ECF 14-2 at 29-32, if it may only look to a non-existent administrative record?

\* \* \*

Finally, Plaintiffs note that the practical importance of ruling on the motion now may be overblown. Most of Plaintiffs' witnesses' testimony at tomorrow's hearing will go to irreparable harm and standing. But they will have the right to submit occasional evidence beyond that. And the Court is free to consider any of their evidence for any factors at this preliminary stage. The Court also has the option of

6

taking Defendants' motion under consideration, hearing all of Plaintiffs' witness testimony, and deciding on its admissibility later.

## CONCLUSION

The Court should deny Defendants' motion in limine.

Dated:   September 13, 2023                             Respectfully submitted,

**JEFF LANDRY**
 ATTORNEY GENERAL

By:/s/ *Elizabeth B. Murrill*
ELIZABETH B. MURRILL (La #20685)
  Solicitor General
MORGAN BRUNGARD (La #40298)
  Assistant Solicitor General
TRACY SHORT (La #23940)
  Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70802
Tel: (225) 326-6766
murrille@ag.louisiana.gov
brungardm@ag.louisiana.gov
shortt@ag.louisiana.gov

*Counsel for the State of Louisiana, Plaintiff Parishes, Plaintiff Municipalities, Plaintiff Levee Districts, Plaintiff Drainage Districts, and Plaintiff Associations*

ASHLEY MOODY
   Attorney General
JAMES H. PERCIVAL*
   Chief of Staff
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

RAÚL LABRADOR
   Attorney General
THEODORE J. WOLD *
   Solicitor General
OFFICE OF THE IDAHO ATTORNEY GENERAL
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 999-0910
Email: Theodore.Wold@ag.idaho.gov

*Counsel for State of Idaho*

DANIEL CAMERON
   Attorney General of Kentucky
LINDSEY KEISER*
   Assistant Attorney General
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5517

*Counsel for the State of Kentucky*

DREW H. WRIGLEY
   Attorney General
PHILIP AXT (ND Bar No. 09585)*
   Solicitor General
North Dakota Attorney General's Office
600 E Boulevard Avenue, Dept. 125
Bismarck, ND 58505
(701) 328-2210
pjaxt@nd.gov

*Counsel for the State of North Dakota*

ALAN WILSON
   South Carolina Attorney General
ROBERT D. COOK
   Solicitor General
J. EMORY SMITH, JR.*
Deputy Solicitor General
THOMAS T. HYDRICK*
Assistant Deputy Solicitor General
JOSEPH D. SPATE*
Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
(803) 734-4127
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

JOHN SCOTT
   Provisional Attorney General
RALPH MOLINA
   Deputy Attorney General for Legal Strategy
LEIF A. OLSON*
Chief, Special Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711
(512) 463-4139
Leif.Olson@oag.texas.gov

*Counsel for the State of Texas*

LYNN FITCH
  Attorney General
JUSTIN L. MATHENY*
  Deputy Solicitor General
OFFICE OF THE MISSISSIPPI ATTORNEY GENERAL
550 High Street, Suite 1200
Jackson, MS 39201
(601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for State of Mississippi*

AUSTIN KNUDSEN
  Attorney General
CHRISTIAN B. CORRIGAN*
  Solicitor General
PETER M. TORSTENSEN, JR.*
  Assistant Solicitor General
Montana Department of Justice
P.O. Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
Christian.Corrigan@mt.gov
Peter.Torstensen.@mt.gov

*Counsel for the State of Montana*

JASON S. MIYARES
  Attorney General
ANDREW N. FERGUSON
  Solicitor General
KEVIN M. GALLAGHER*
  Deputy Solicitor General
Virginia Attorney General's Office
202 North 9th Street
Richmond, VA 23219
(804) 786-2071
aferguson@oag.state.va.us
kgallagher@oag.state.va.us

*Counsel for Plaintiff Commonwealth of Virginia*

*Pro hac vice

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participating attorneys. All other counsel will be served by U.S. Mail, postage paid.

This the 13th day of September, 2023.

*/s/ Elizabeth B. Murrill*
ELIZABETH B. MURRILL (La #20685)
  Solicitor General