**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| STATE OF LOUISIANA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 2:23-CV-01839-DJP-JVM <br><br> JUDGE DARREL PAPILLION <br><br> MAGISTRATE JUDGE JANIS VAN MEERVELD |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM**

Neither the substance nor the timing of Defendants' request to supplement the Maurstad Declaration makes sense. Plaintiffs cannot explain Defendants' delayed need to add a "clarification" to the hundreds of pages of evidence that are already before the Court. ECF No. 89-3 at 1. Defendants say they want to "clarify this term now based on the recently filed declaration in the related case *Hebert v. DHS*, No. 23-cv-1869 (E.D. La.), which, unlike the declarations in this case, includes a specific definition." ECF No. 89-1 at 1. But what they fail to say is that adding a new definition to this term *in this case* does much more than merely provide clarity—it changes the substantive arguments that Defendants have made here for why Plaintiffs lack standing and have not suffered irreparable harm many months after those issues were fully briefed and argued. Rather than provide an explanation for why they need to make this clarification *in this case* and why now, Defendants simply

1

claim that Plaintiffs' opposition to their motion has "no merit." ECF No. 89-1 at 1. Defendants' request is improper for several reasons.

*First*, Defendants fail to provide any support for their preferred definition. Defendants now seek to define the term "indefinitely" as "for an unknown or unspecified period of time." ECF No. 89-3 at 1. The only support Defendants provide for this is a citation to Merriam-Webster, which states the definition is "not precise." *Id.* But the ordinary meaning of this word means something different from what Defendants now propose. It means "without a limit" or "forever." One would not say, for example, that an attorney will be drafting a response to a motion "indefinitely" simply because that attorney does not know how long it will take her to finish a draft. Likewise, dictionary definitions differ from Defendants' preferred definition. For example, Webster's Third New International Dictionary defines it as "having no exact limits," "continuing with no immediate end being fixed," or "unlimited." *Indefinite*, Webster's Third New International (1961). Black's Law Dictionary defines it as a "length of time with no definite end." *Indefinitely*, Black's Law Dictionary (11th ed. 2019).

These differences, coupled with the fact that Defendants cite no authority for their own definition, raises the question: why the need for a supplemental motion at all? In the declaration filed in this case, Maurstad used the term "indefinitely" multiple times, repeatedly claiming that under the legacy system, the policyholders would have continued to see their annual premium rates increase "indefinitely." *See, e.g.*, ECF No. 47-3 at ¶¶52, 141, 222, 226. In accordance with the commonly

understood meaning of this term, supported by the dictionary definitions cited above, Defendants argued that under the legacy rating system Plaintiffs suffered no harm because their annual premiums would have continued to rise forever or with no definite end in sight. *See, e.g.*, ECF No. 53-2 at 1–2, 19.

Under Defendants' new definition, though, their argument appears to shift. Putting the new definition in context, Maurstad states that "100% of policyholders would have experienced annual rate increases under the legacy system [for an unknown or unspecified period of time]." ECF No. 89-3 at 1. This suggests that it was "unknown" if rates actually would have increased under the legacy rating system because the "unknown or unspecified" time period of "annual rate increases" could have been zero years. *Id.* The new definition also suggests that, even if rates would have increased under the legacy system for some "unknown or unspecified" period," the increases would have stopped at some point.

These two possibilities—either no annual rate increases under the legacy system or a limited number of annual rate increases—appear to undermine Defendants' arguments that Equity in Action was necessary and that Plaintiffs' request to enjoin Equity in Action and return to the legacy system would fail to redress Plaintiffs' injuries. In short, Defendants' proposed definition appears to change more than just Maurstad's declaration. It appears to change Defendants' arguments made in support of their motion to dismiss and in opposition to Plaintiffs' motion for preliminary injunctive relief.

*Second*, the need to "clarify" an already-sworn declaration is made more confusing by the timing of Defendants' motion. This motion comes over two months after the parties argued their respective motions before this Court, and nearly four months after Defendants filed the declaration in the first place. Nothing prevented Defendants from providing their preferred definition to the Court at that time. It is not at all clear to Plaintiffs what Defendants hope to accomplish with their motion to supplement *in this case*. But the unexplained timing of their motion, their refusal to explain why they need the "clarification," and the context in which "indefinitely" is used throughout briefing provide sufficient grounds for Plaintiffs to oppose Defendants' motion.

*And third*, as explained in Plaintiffs' opposition to the motion to dismiss, the Maurstad Declaration is improper evidence of either question now before the Court—standing or a preliminary injunction. Standing first: the Maurstad Declaration was never proper evidence of standing for all the reasons given in Plaintiffs' opposition to the motion to dismiss. *See* ECF No. 73-1 at 9–16. Because his declaration was improper evidence from the get go, there is no reason to supplement it. To the degree his declaration is a "factual attack" on Plaintiffs' standing, Plaintiffs' overwhelming written and testimonial evidence more than satisfies their burden of proof. *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015); ECF No. 73-1 at 14–16.

As for the preliminary injunction, the Maurstad Declaration is not proper evidence of that either. Defendants urge the Court to ignore Plaintiffs' declarations

4

because "they were not before FEMA" when it decided to go with Equity in Action. ECF No. 56 at 12. At the same time, Defendants say the Court "can and should consider" their declarations that were also not before FEMA when it developed Equity in Action. *Id.* at nn.1 & 2. According to Defendants, Maurstad's declaration "elucidates the record before FEMA when the agency developed and implemented Risk Rating 2.0, and therefore facilities judicial review of whether the agency acted reasonably and adequately justified its actions," and Hake's declaration "supplies helpful background information." *Id.* The upshot of Defendants' inconsistent position? They want their extra-record evidence in and Plaintiffs' out. That position gets the law exactly backwards as explained in Plaintiffs' opposition to Defendants' motion in limine. *See* ECF No. 86.

## CONCLUSION

Defendants' unexplained, belated request to supplement improper evidence should be denied. But if allowed, Defendants' new definition supports Plaintiffs' standing and need for a preliminary injunction.

Dated:   December 5, 2023

Respectfully submitted,

**JEFF LANDRY**
  ATTORNEY GENERAL

By:/s/ *Elizabeth B. Murrill*
ELIZABETH B. MURRILL (La #20685)
   Solicitor General
MORGAN BRUNGARD (La #40298)
   Assistant Solicitor General
TRACY SHORT (La #23940)
   Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70802
Tel: (225) 326-6766
murrille@ag.louisiana.gov
brungardm@ag.louisiana.gov
shortt@ag.louisiana.gov
*Counsel for the State of Louisiana, Plaintiff Parishes, Plaintiff Municipalities, Plaintiff Levee Districts, Plaintiff Drainage Districts, and Plaintiff Associations*

ASHLEY MOODY
   Attorney General
JAMES H. PERCIVAL*
   Chief of Staff
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com
*Counsel for the State of Florida*

DREW H. WRIGLEY
   Attorney General
PHILIP AXT (ND Bar No. 09585)*
   Solicitor General
North Dakota Attorney General's Office
600 E Boulevard Avenue, Dept. 125
Bismarck, ND 58505
(701) 328-2210
pjaxt@nd.gov
*Counsel for the State of North Dakota*

RAÚL LABRADOR
   Attorney General
THEODORE J. WOLD *
   Solicitor General
OFFICE OF THE IDAHO ATTORNEY GENERAL
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 999-0910
Email: Theodore.Wold@ag.idaho.gov
*Counsel for State of Idaho*

DANIEL CAMERON
   Attorney General of Kentucky
LINDSEY KEISER*
   Assistant Attorney General
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5517
*Counsel for the State of Kentucky*

LYNN FITCH
  Attorney General
JUSTIN L. MATHENY*
  Deputy Solicitor General
OFFICE OF THE MISSISSIPPI ATTORNEY GENERAL
550 High Street, Suite 1200
Jackson, MS 39201
(601) 359-3680
justin.matheny@ago.ms.gov
*Counsel for State of Mississippi*

ALAN WILSON
   South Carolina Attorney General
ROBERT D. COOK
   Solicitor General
J. EMORY SMITH, JR.*
Deputy Solicitor General
THOMAS T. HYDRICK*
Assistant Deputy Solicitor General
JOSEPH D. SPATE*
Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
(803) 734-4127
thomashydrick@scag.gov
*Counsel for the State of South Carolina*

JOHN SCOTT
   Provisional Attorney General
RALPH MOLINA
   Deputy Attorney General for Legal Strategy
CHARLES ELDRED*
Chief, Special Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711
(512) 936-1706
Charles.Eldred@oag.texas.gov
*Counsel for the State of Texas*

JASON S. MIYARES
  Attorney General
ANDREW N. FERGUSON
   Solicitor General
KEVIN M. GALLAGHER*
   Deputy Solicitor General
Virginia Attorney General's Office
202 North 9th Street
Richmond, VA 23219
(804) 786-2071
aferguson@oag.state.va.us
kgallagher@oag.state.va.us
*Counsel for Plaintiff Commonwealth of Virginia*

AUSTIN KNUDSEN
 Attorney General
CHRISTIAN B. CORRIGAN*
 Solicitor General
PETER M. TORSTENSEN, JR.*
 Assistant Solicitor General
Montana Department of Justice
P.O. Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
Christian.Corrigan@mt.gov
Peter.Torstensen.@mt.gov
*Counsel for the State of Montana*

**Pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participating attorneys. All other counsel will be served by U.S. Mail, postage paid.

This the 5th day of December, 2023.

/s/ *Elizabeth B. Murrill*
ELIZABETH B. MURRILL (La #20685)
  Solicitor General