UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE STATE OF LOUISIANA, *et al.*,

*Plaintiffs*,

v.

DEPARTMENT OF HOMELAND SECURITY, *et al.*,

*Defendants*.

Action No. 2:23-CV-01839-DJP-JVM
Section P
District Judge Darrel J. Papillion
Magistrate Judge Janis van Meerveld

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM

Plaintiffs' Opposition (ECF No. 90) raises four arguments why the Court should not allow Defendants to file a straightforward, one-page supplemental memorandum that simply clarifies—without adding any argument—the definition of a single term used in the declarations in this case. Each of Plaintiffs' argument lacks merit.

*First*, Plaintiffs offer a strawman in arguing that Defendants fail to provide any support in using the term "indefinitely" to mean "for an unknown or unspecified period of time." *See* Pls.' Opp. 2. Defendants relied on the Merriam Webster definition of the term, Defs.' Supp. Mem. 1, ECF No. 89-3, and many other dictionary definitions support this ordinary meaning.[1] Although Plaintiffs

---

[1] *See, e.g.*, *Indefinitely*, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/indefinitely (defining the term to mean, *inter alia*, "for an unlimited or *unknown amount of time*" (emphasis added)); *Indefinitely*, The American Heritage Dictionary, https://www.ahdictionary.com/word/search.html?q=indefinitely (defining the term to mean "[n]ot definite, especially: a. Unclear; vague. b. *Lacking precise limits*: an indefinite leave of absence. c. Uncertain; undecided: indefinite about their plans" (emphasis added and omitted)); *Indefinitely*, Oxford Learner's Dictionary, https://www.oxfordlearnersdictionaries.com/us/definition/american_english/indefinitely#:~:text=indefinitely-,adverb,The%20trial%20was%20postponed%20indefinitely (defining the term to mean "for a period of time with no fixed limit").

identify other dictionary definitions that indicate "indefinitely" also can mean "forever," Pls.' Opp. 2, it is precisely because of the term's potential dual meaning that Defendants—out of an abundance of caution and simply to provide clarity to the Court—seek to provide notice regarding their recent use of the term in the related case *Hebert v. DHS*, No. 23-cv-1869 (E.D. La.).

*Second*, Plaintiffs err in arguing that this clarification works a "shift" either in Defendants' factual assertions regarding the legacy rating approach or their legal arguments. Pls.' Opp. 3. It does not.

Regarding the facts, it remains true that 100% of policyholders would have seen annual rate increases under the legacy rating approach, with no fixed end point in time or amount, because FEMA had no way to use the limited legacy data to determine an individual property's full risk rate (i.e., its premium stopping point). *See, e.g.*, Maurstad Decl. ¶¶ 32–34, 45, 141–42, 213, 222–24, 226, ECF Nos. 47-3, 56-1. Therefore, there was no basis for FEMA to determine that an individual property's premium was adequate to cover its losses; as a result, FEMA had to raise legacy rates annually across broad classes of properties sharing basic characteristics in order to cover its growing losses, and had to charge some policyholders many tens of thousands of dollars each year. *Id.*; *see also* Sept. 14, 2023, Hearing Tr. 144:22–145:7, ECF. No. 88. But because of Risk Rating 2.0, many policyholders have experienced premium *decreases*, and the overwhelming majority of any premium increases are slight. Moreover, any increase cannot push a policy's premium over the policy's fixed full-risk rate, and the new rating approach's fixed upper bound guards against extreme rates. Plaintiffs cannot and do not dispute these already-established facts, which remain unchanged by Defendants' one-page supplemental memo. Given these facts, Plaintiffs' claim that Defendants' supplement "suggests" that there would be "no annual rate increases under the legacy system or a limited number of annual rate increases" is baseless. Pls.' Opp. 3.

Regarding legal arguments, Defendants' supplemental memo changes nothing substantively in their motion to dismiss or opposition to Plaintiffs' preliminary injunction motion. Defendants have amply explained the numerous reasons why Plaintiffs lack cognizable or redressable Article III economic harms or other injuries in fact that establish standing, *see, e.g.*, Defs.' Mem. in Supp. of their Mot. to Dismiss Pls.' Compl. 25–36, 39–40, ECF No. 47-1, and Plaintiffs offer nothing to back up their conclusory assertions that Defendants' one-page supplement "change[s] or "undermine[s]" these arguments, Pls.' Opp. 1, 3. Defendants likewise have amply explained the numerous reasons why Plaintiffs have not established irreparable harm (e.g., Plaintiffs' multi-year delay in bringing suit), Defs.' Mem. in Opp. To Pls.' Mot. for Prelim. Inj. 5–9), or a likelihood of success on the merits, *id.* at 10–43. And again, Plaintiffs identify no way in which Defendants' supplement changes any of these arguments.

*Third*, there is nothing "confusing," "unexplained," or improper about the timing of Defendants' motion to file a supplemental memorandum. Pls.' Opp. 4. As Defendants have explained, they filed the motion soon after they filed their motion to dismiss and accompanying declaration in the related *Hebert* case. Defs.' Mem. ISO Mot. For Leave to File a Supp. Mem. 1, ECF No. 89-1. It was the finalization and recent filing of the declaration in *Hebert* that prompted Defendants to decide—out of an excess of caution—to provide clarity to the Court.

*Fourth*, and finally, there is nothing inappropriate about Defendants' use of the Maurstad Declaration in support of their motion to dismiss or preliminary injunction opposition. Pls.' Opp. 4–5. Defendants have already explained as much at length, *see, e.g.*, Defs.' Reply ISO Mot. to Dismiss 1–3, ECF No. 81; Defs.' Mem. in Opp. To Pls.' Mot. for Prelim. Inj. 3 n.1, and, accordingly, Plaintiffs' attempts to relitigate this issue offers no basis to deny the motion for leave to supplement.

\*\*\*

Unlike Plaintiffs, Defendants are not trying to relitigate the legal issues covered in the parties' hundreds of pages of briefing. Through the filing of a straightforward and brief supplemental memorandum, Defendants instead simply seek to provide clarity to the Court regarding the intended, dictionary-supported meaning of a single term. For the reasons stated above and in Defendants' opening memorandum, Defendants respectfully request that the Court grant their motion.

Dated:  December 8, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*Benjamin Takemoto*
BENJAMIN TAKEMOTO
(DC Bar # 1045253)
YOSEPH T. DESTA
(CA Bar # 332179)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4252
Email: benjamin.takemoto@usdoj.gov

Respectfully submitted,

TODD KIM
Assistant Attorney General Environment & Natural Resources Division

KRYSTAL-ROSE PEREZ,
(TX Bar # 24105931)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611, Ben Franklin Station,
Washington, D.C. 20044
Tel: (202) 305-0486
Email: krystal-rose.perez@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2023, the foregoing was filed electronically through ECF/CM. On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

*Benjamin Takemoto*
BENJAMIN T. TAKEMOTO