**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| THE STATE OF LOUISIANA, *et al.*,<br><br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br><br>*Defendants*. | Action No. 2:23-CV-01839<br>Section P<br>District Judge Darrel J. Papillion<br>Magistrate Judge Eva J. Dossier |

<u>**DEFENDANTS' ANSWER TO COMPLAINT**</u>

Defendants, by and through undersigned counsel, hereby answer the separately numbered paragraphs of the Complaint filed by Plaintiffs, ECF No. 1, as follows:

1.      Defendants admit that the Federal Emergency Management Agency ("FEMA") offers federally-subsidized flood insurance through the National Flood Insurance Program ("NFIP") to all property owners who live in communities that choose to adopt minimum floodplain management standards. Defendants otherwise deny the allegations in this paragraph.

2.      Defendants admit that Congress created the NFIP with the goal of making flood insurance "available on a nationwide basis" and basing the insurance "on workable methods of pooling risks, minimizing costs, and distributing burdens equitably among those who will be protected by flood insurance and the general public," 42 U.S.C. § 4001(d), which the private insurance market had previously been unable to do. And Defendants admit that NFIP rates must be based on actuarial principles and thus reflect true flood risks for each property, with reductions in flood risk corresponding with lower rates. Defendants otherwise deny the allegations in this paragraph.

3.      Defendants admit that property owners must purchase flood insurance as a condition of receiving a federally-backed mortgage in a special flood hazard area ("SFHA") and receiving SBA

loans or certain types of disaster relief, 42 U.S.C. § 4012a, but Defendants note that property owners are under no obligation to purchase flood insurance through the NFIP. They may instead purchase flood insurance on the private market. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

4.       Defendants admit that states and local governments across the country have adopted floodplain management ordinances in accordance with federal standards. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

5.       Defendants admit that individuals have invested in mitigation projects for their homes, but Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

6.       Deny.

7.       Defendants admit that FEMA implemented an actuarial update to the premiums for NFIP policies that modernized its rate-setting approach, and Defendants otherwise deny the allegations in this paragraph.

8.       Defendants admit that FEMA's actuarial update is known as Risk Rating 2.0.

9.       Deny.

10.      This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny.

11.      Deny.

12.      Deny.

13.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, as Plaintiffs do not specify which "places" they are referring to.

14.      Deny.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and they respectfully refer the Court to the cited report for a full and accurate statement of its contents.

16.     Defendants admit the allegations in the first three sentences and fifth sentence of this paragraph and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents. Defendants admit the fourth sentence of the paragraph and respectfully refer the Court to 42 U.S.C. §§ 4014(a), 4015(a)–(c) for a full and accurate statement of FEMA's obligations for the estimation of premium rates and establishment of chargeable premium rates.

17.     Defendants deny the allegations in the first and second sentences of this paragraph. Defendants deny the allegations in the third sentence of this paragraph, except to admit that under the legacy rating approach before Risk Rating 2.0, FEMA provided discounts for certain mitigation efforts. Defendants deny the allegations in the fourth sentence of this paragraph.

18.     Defendants admit that in 2020 the NFIP had over 5 million flood insurance policies in force that provided $1.3 trillion in coverage to 22,500 participating communities. *See* FEMA, *The Watermark: Fiscal Year 2020, Fourth Quarter* (Sept. 2020), https://www.fema.gov/sites/default/files/documents/fema_watermark_report_09-2020.pdf. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

19.     Defendants admit that FEMA's new rating approach, Risk Rating 2.0, modernizes the NFIP's outdated rate-setting approach, as reflected in the Congressional Research Service report quoted in this paragraph, and they respectfully refer the Court to the report for a full and accurate statement of its contents. Defendants otherwise deny the remaining allegations in this paragraph.

20.     Defendants admit that a policyholder's renewal notice includes the premium due to renew the policy and the declaration page includes the actuarial or full-risk premium for the current

year and the discounts the policyholder may be receiving for the current year. Defendants otherwise deny the remaining allegations in this paragraph.

21.     Defendants respectfully refer the Court to the online announcement cited in this paragraph for a true and accurate statement of its contents, and they otherwise deny the allegations in this paragraph.

22.     The allegations in this paragraph purport to characterize a number of documents; Defendants respectfully refer the Court to the documents for a full and accurate statement of their contents. Defendants admit that FEMA and state and local officials have engaged with each other regarding how FEMA developed Risk Rating 2.0.

23.     The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny.

24.     Defendants deny the allegations in this paragraph, except to admit that on or about May 2021, FEMA made publicly available county-level premium data for all states and territories, and that FEMA has not made publicly available property-level premium data.

25.     Defendants deny the allegations in the first sentence of this paragraph, admit the allegations in the second and third sentences of this paragraph, and lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of this paragraph.

26.     Defendants deny the allegations in the first and last sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

27.     Deny.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29.     Defendants admit and respectfully refer the Court to FEMA's quarterly reports, *The Watermark*, https://www.fema.gov/flood-insurance/work-with-nfip/watermark-financial-statements, and its Flood Insurance Data and Analytics webpage, https://nfipservices.floodsmart.gov/reports-flood-insurance-data, for a true and accurate statement of the number of NFIP policies in force before and after Risk Rating 2.0, and they respectfully refer the Court to the testimony that Plaintiffs cite for a full and accurate statement of its contents.

30.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny.

31.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny.

32.     Defendants admit that Louisiana is a state, and that FEMA must "consult with other departments and agencies of the Federal Government, and with interstate, State, and local agencies having responsibilities for flood control, flood forecasting, or flood damage prevention, in order to assure that the programs of such agencies and the flood insurance program authorized under this chapter are mutually consistent." 42 U.S.C. § 4024. Defendants deny the remaining allegations in this paragraph.

33.     Defendants admit that Florida is a state, and that FEMA must "consult with other departments and agencies of the Federal Government, and with interstate, State, and local agencies having responsibilities for flood control, flood forecasting, or flood damage prevention, in order to assure that the programs of such agencies and the flood insurance program authorized under this chapter are mutually consistent." 42 U.S.C. § 4024. Defendants deny the remaining allegations in this paragraph.

34.     Defendants admit that Idaho is a state, and that FEMA must "consult with other departments and agencies of the Federal Government, and with interstate, State, and local agencies

5

having responsibilities for flood control, flood forecasting, or flood damage prevention, in order to assure that the programs of such agencies and the flood insurance program authorized under this chapter are mutually consistent." 42 U.S.C. § 4024. Defendants deny the remaining allegations in this paragraph.

35.     Defendants admit that Kentucky is a state, and that FEMA must "consult with other departments and agencies of the Federal Government, and with interstate, State, and local agencies having responsibilities for flood control, flood forecasting, or flood damage prevention, in order to assure that the programs of such agencies and the flood insurance program authorized under this chapter are mutually consistent." 42 U.S.C. § 4024. Defendants deny the remaining allegations in this paragraph.

36.     Defendants admit that Mississippi is a state, and that FEMA must "consult with other departments and agencies of the Federal Government, and with interstate, State, and local agencies having responsibilities for flood control, flood forecasting, or flood damage prevention, in order to assure that the programs of such agencies and the flood insurance program authorized under this chapter are mutually consistent." 42 U.S.C. § 4024. Defendants deny the remaining allegations in this paragraph.

37.     Defendants admit that Montana is a state, and that FEMA must "consult with other departments and agencies of the Federal Government, and with interstate, State, and local agencies having responsibilities for flood control, flood forecasting, or flood damage prevention, in order to assure that the programs of such agencies and the flood insurance program authorized under this chapter are mutually consistent." 42 U.S.C. § 4024. Defendants deny the remaining allegations in this paragraph.

38.     Defendants admit that North Dakota is a state, and that FEMA must "consult with other departments and agencies of the Federal Government, and with interstate, State, and local

agencies having responsibilities for flood control, flood forecasting, or flood damage prevention, in order to assure that the programs of such agencies and the flood insurance program authorized under this chapter are mutually consistent." 42 U.S.C. § 4024. Defendants deny the remaining allegations in this paragraph.

39.     Defendants admit that South Carolina is a state, and that FEMA must "consult with other departments and agencies of the Federal Government, and with interstate, State, and local agencies having responsibilities for flood control, flood forecasting, or flood damage prevention, in order to assure that the programs of such agencies and the flood insurance program authorized under this chapter are mutually consistent." 42 U.S.C. § 4024. Defendants deny the remaining allegations in this paragraph.

40.     Defendants admit that Texas is a state, and that FEMA must "consult with other departments and agencies of the Federal Government, and with interstate, State, and local agencies having responsibilities for flood control, flood forecasting, or flood damage prevention, in order to assure that the programs of such agencies and the flood insurance program authorized under this chapter are mutually consistent." 42 U.S.C. § 4024. Defendants deny the remaining allegations in this paragraph.

41.     Defendants admit that Virginia is a state, and that FEMA must "consult with other departments and agencies of the Federal Government, and with interstate, State, and local agencies having responsibilities for flood control, flood forecasting, or flood damage prevention, in order to assure that the programs of such agencies and the flood insurance program authorized under this chapter are mutually consistent." 42 U.S.C. § 4024. Defendants deny the remaining allegations in this paragraph.

42.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

43.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

44.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

45.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

46.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

47.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

48.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

49.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

50.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

51.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

52.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

53.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

54.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

55.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

56.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

57.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

58.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

59.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

60.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

61.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

62.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

63.     Admit.

64.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

65.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

66.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

67.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

68.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

69.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

70.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

71.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

72.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

73.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

74.    Admit.

75.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

76.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

77.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

78.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

79.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

80.    Admit.

81.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

82.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

83.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

84.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

85.     Admit.

86.     Defendants admit the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second and third sentences of this paragraph, except to admit that the Community Rating System ("CRS") is a voluntary incentive program that recognizes and encourages community floodplain management practices that exceed the minimum requirements of the NFIP.

87.     This paragraph relates to a municipal Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

88.     This paragraph relates to a municipal Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

89.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

90.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

91.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

92.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

93.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit that the district is a political subdivision and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

94.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit that the district is a political subdivision and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

95.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

96.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

97.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

98.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

99.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

100.     This paragraph relates to a drainage district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit.

101.     This paragraph relates to an association Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

102.     Defendants deny the allegations in this paragraph, except to admit that Defendants are officials of the United States Government and United States governmental agencies, and the Administrator of FEMA is authorized to carry out the NFIP, which includes estimating and charging premiums for NFIP policies.

103.     Admit.

104.     Defendants admit that the Department of Homeland Security is an executive department of the federal government headquartered in Washington, D.C. but deny that it is

responsible for Risk Rating 2.0. FEMA, through its Administrator, is authorized to carry out the NFIP, which includes the estimation and charging of premiums for NFIP policies through Risk Rating 2.0.

105.    Admit.

106.    Admit.

107.    Deny. The Federal Insurance and Mitigation Administration no longer exists, and the Administrator of FEMA has delegated to the new Federal Insurance Directorate the responsibility of carrying out the NFIP, including estimating and charging premiums for NFIP policies under Risk Rating 2.0.

108.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

109.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny and respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

110.    Defendants admit that Congress created the NFIP in 1968 after Hurricane Betsy, lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph, and respectfully refer the Court to the cited article for a full and accurate statement of its contents.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they respectfully refer the Court to the cited report for a full and accurate statement of its contents.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they respectfully refer the Court to the cited report for a full and accurate statement of its contents.

113.     Defendants admit that Congress promulgated the National Flood Insurance Act of 1968 to provide flood insurance through the federal government. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that 42 U.S.C. § 4001(a) states in part that "as a matter of national policy, a reasonable method of sharing the risk of flood losses is through a program of flood insurance which can complement and encourage preventive and protective measures; and [] if such a program is initiated and carried out gradually, it can be expanded as knowledge is gained and experience is appraised, thus eventually making flood insurance coverage available on reasonable terms and conditions to persons who have need for such protection." Defendants respectfully refer the Court to § 4001(a) for a full and accurate statement of its contents,

114.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny and respectfully refer the Court to 42 U.S.C. §§ 4011, 4014(a), 4015(a)–(c) for a full and accurate statement of FEMA's obligations for the estimation of premium rates and establishment of chargeable premium rates.

115.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that the allegations in this paragraph purport to characterize 44 C.F.R. § 59.22, and they respectfully refer the Court to the regulation for a full and accurate statement of its contents.

116.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that the allegations in this paragraph purport to characterize 42 U.S.C. § 4022, and they respectfully refer the Court to the statute for a full and accurate statement of its contents.

117.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that the allegations in this paragraph purport

17

to characterize 44 C.F.R. § 59.24, and they respectfully refer the Court to the regulation for a full and accurate statement of its contents.

118.    This paragraph consists of Plaintiffs' characterization of the key features of FEMA's legacy rating approach that are relevant to this litigation. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' characterization.

119.    Defendants deny the allegations in the first, third, and fourth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the second sentence of this paragraph.

120.    Deny.

121.    Defendants admit that under the NFIP legacy rating system, for actuarial rates, the rates were based, in part, on a building elevation for all buildings and dry floodproofing for certain buildings. Defendants further admit that the NFIP legacy rating system used the flood zones depicted on Flood Insurance Rate Maps ("FIRMs") to create rate classes and the flood zones consider whether a levee or drainage system will provide protection from the base flood. Defendants otherwise deny the allegations in this paragraph.

122.    Defendants deny the allegations in this paragraph, except to admit that certain mitigation activities that reduce damage from floods, such as elevating a building above the base flood elevation ("BFE"), were taken into account when establishing premium rates under the NFIP legacy rating approach.

123.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

124.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

125.     The allegations in the first sentence of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that CRS "provide[s] incentives in the form of credits on premium rates for flood insurance coverage in communities that the Administrator determines have adopted and enforced measures that reduce the risk of flood and erosion damage that exceed the criteria set forth in section 4102 of this title," and they respectfully refer the Court to 42 U.S.C. § 4022(b) for a full and accurate statement of its contents. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph. Defendants deny the allegations in the third sentence of this paragraph, except to admit that Florida has the highest number of communities participating in CRS of any state.

126.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

127.     Defendants deny the allegations in this paragraph, except to admit that this paragraph purports to characterize the levee process established in 44 C.F.R. § 65.10. Defendants respectfully refer the Court to the regulation for a full and accurate statement of this process.

128.     Defendants deny the allegations in this paragraph, except to admit that this paragraph purports to characterize the levee process established in 44 C.F.R. § 65.10. Defendants respectfully refer the Court to the regulation for a full and accurate statement of this process.

129.     Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the outputs of the mapping process, which Defendants deny.

130.     Defendants admit that FEMA developed the Analysis and Mapping Procedures for Non-Accredited Levees (referred to by some as LAMP) and that the agency has released guidance on

this issue, and they respectfully refer the Court to the cited document in this paragraph for a full and accurate statement of its contents.

131.     The allegations in this paragraph purport to characterize a presentation document; Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

132.     Admit.

133.     Defendants deny the allegations in the first sentence of this paragraph, except to admit FEMA has a requirement to identify and publish floodplains and other flood hazard information, which it accomplishes through the issuance of a FIRM, and FEMA has promulgated floodplain management regulations to include community requirements when FEMA has not produced a FIRM for a community. Defendants deny the allegations in the second and third sentences of this paragraph, except to admit that to participate in the NFIP and be eligible to purchase NFIP flood insurance, a community must adopt and enforce floodplain management standards consistent with the floodplain management criteria promulgated in 44 C.F.R. Part 60. The allegations in the fourth sentence of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit and respectfully refer the Court to the cited legal authorities (42 U.S.C. § 4022 and 44 C.F.R. Part 60) and FEMA webpage for a full and accurate statement of their contents.

134.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

135.     Defendants admit the allegations in the first sentence of this paragraph and deny the allegations in the second sentence of this paragraph.

136.     Defendants deny the allegations in this paragraph, except to admit that the BFE is the elevation of surface water resulting from a flood that has a one-percent chance of equaling or

exceeding that level in any given year, which this paragraph characterizes as an estimate of the elevation at which the 100-year flood may occur.

137.    Defendants deny the allegations in this paragraph, except to admit that the 500-year flood is the elevation at which there is a 0.2 percent annual chance of coastal or riverine flooding.

138.    Defendants deny the allegations in this paragraph, except to admit that moderate flood hazard areas are depicted on FIRMs as the areas between the limits of the base flood and the 0.2-percent-annual-chance (or 500-year) flood. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

139.    Defendants deny the allegations in this paragraph, except to admit that moderate flood hazard areas are depicted on FIRMs as the areas outside the SFHA and higher than the elevation of the 0.2-percent-annual-chance flood. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

140.    Defendants deny the allegations in this paragraph, except to admit that under the NFIP legacy rating approach, for buildings located with the SFHA, the annual actuarial rate per $100 of coverage was based on the elevation of the lowest floor above or below the BFE. The rate was lower for buildings elevated above the BFE but remained the same for all buildings elevated four feet or more above the BFE.

141.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph, except to admit the grant programs described therein are administered by FEMA. Defendants deny the allegations in the third sentence of this paragraph, except to admit that, per 42 U.S.C. §4104c, the FMA program provides financial assistance "for activities designed to reduce the risk of flood damage to structures covered under contracts for flood insurance . . . ." Defendants deny the allegations in the fourth sentence of this paragraph, except to admit that pursuant to Section

406 of the Stafford Act, the PA program will fund mitigation measures that directly reduce the potential of future damage to the damaged portions of a public facility. Defendants deny the allegations in the fifth sentence of this paragraph, except to admit that FEMA's Hazard Mitigation Assistance programs, including HMGP, provide funding for eligible mitigation activities that reduce risk of future damage to property, and this could include certain infrastructure projects or elevation of structures.

142.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph, except to admit that, under the Flood Disaster Protection Act of 1973, (1) federal agencies are prohibited from providing financial assistance, which would include the federal grant programs described in this paragraph, for acquisition or construction purposes in the SFHA unless the property is covered by flood insurance., *see* 42 U.S.C. § 4012a(a), and (2) the requirement to maintain flood insurance applies during the life of the property, regardless of transfer of ownership.

143.    Defendants deny the allegations in this paragraph, except to admit that grant recipients are responsible for administering grant projects funded under FMA, PA, or HGMP, and they are also responsible for ensuring compliance with all applicable laws and regulations, as well as the terms and conditions of the grant.

144.    Defendants admit the allegations in the first sentence of this paragraph, deny the allegations in the second sentence of this paragraph, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph.

145.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

146.    Defendants admit that FEMA interacts with state and local stakeholders in producing risk maps but otherwise deny the allegations in this paragraph.

147.    Admit.

148.    Defendants admit that the BFE is the elevation of surface water resulting from a flood that has a one-percent chance of equaling or exceeding that level in any given year, and they otherwise deny the allegations in this paragraph.

149.    Admit.

150.    Defendants admit that FIRMs identify special flood hazard areas where the purchase of flood insurance is required for the receipt of, for example, federal financial assistance, and that FIRMs had a role in the calculation of premiums and communication of flood risk. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence in this paragraph.

151.    The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in the first sentence of this paragraph. Defendants also deny Plaintiffs' characterization of the purpose of the cited statute in the second sentence of this paragraph and respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

152.    Defendants admit that FEMA interacts with state and local stakeholders in producing risk maps but otherwise deny the allegations in this paragraph.

153.    The allegations in this paragarph purport to characterize a cited FEMA document; Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

154.    Defendants admit that the effect of flood risk reduction systems on flood hazards may be considered in producing FIRMs, and they otherwise deny the allegations in this paragraph.

155.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

156.     Defendants admit that some policyholders who built in compliance with a FIRM at the time of construction or policyholders who maintained continuous coverage on their policies could retain their old flood insurance rate class if their property was mapped into a higher flood rate class, which was colloquially referred to as "grandfathering." Defendants further admit the "grandfathered" rate was available to a new owner. Defendants otherwise deny the allegations in this paragraph.

157.     The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny, except to (1) admit that under the NFIP legacy rating, some policyholders who built in compliance with a FIRM at the time of construction or policyholders who maintained continuous coverage on their policies could retain their old flood insurance rate class if their property was mapped into a higher flood rate class, which was colloquially referred to as "grandfathering," and (2) respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

158.     Deny.

159.     Defendants deny the allegations in this paragraph, except to admit that under the legacy rating approach, some policyholders who built in compliance with a FIRM at the time of construction or policyholders who maintained continuous coverage on their policies could retain their old flood insurance rate class if their property was mapped into a higher flood rate class, which was colloquially referred to as "grandfathering."

160.     The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny.

161.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

162.    The allegations in this paragraph purport to characterize FEMA's Affordability Framework; Defendants respectfully refer the Court to the Affordability Framework for a full and accurate statement of its contents.

163.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

164.    The allegations in the first sentence of this paragraph state legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny, except to admit that under 42 U.S.C. § 5154a, if a person fails to obtain and maintain flood insurance on their personal, commercial, or residential property after having received federal disaster relief assistance, they, or any future owner of such property, will be ineligible for disaster relief assistance in a future disaster. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of the paragraph.

165.    The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited webpage, which this paragraph purports to characterize, for a full and accurate statement of its contents.

166.    The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited webpage, which this paragraph purports to characterize, for a full and accurate statement of its contents.

167.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the NFIP being interwoven with other requirements and programs, and they otherwise deny the allegations in this paragraph.

168.     The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that the allegations purport to characterize 42 U.S.C. § 4012a, and they respectfully refer the Court to the statute for a full and accurate statement of its contents.

169.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

170.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

171.     Deny.

172.     Defendants deny the allegations in this paragraph, except to admit that FEMA announced Risk Rating 2.0 in April 2021 and that the allegations in this paragraph purport to characterize a FEMA webpage. Defendants respectfully refer the Court to the cited webpage for a full and accurate statement of its contents.

173.     Defendants deny the allegations in this paragraph, except admit that Risk Rating 2.0 premium rates have been in effect for all new policies, as well as existing policies whose policyholders opted to utilize the new rates, since October 1, 2021, and began to take effect for all other policies on April 1, 2022, applying on their renewal implemented as of April 1, 2023.

174.     Defendants deny the allegations in this paragraph, except to admit that FEMA's new rating approach is known as Risk Rating 2.0.

175.     Admit.

176.     Defendants deny the allegations in this paragraph, except to admit that Milliman was contracted to assist FEMA with certain aspects of the development of Risk Rating 2.0.

177.     The allegations in the first and third sentences of this paragraph purport to characterize a FEMA publication; Defendants respectfully refer the Court to the publication for a full and accurate

statement of its contents. The allegations in the second sentence of this paragraph state legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced Executive Order for a full and accurate statement of its contents.

178.     Defendants admit that FEMA's website explains why the agency sought to make changes via Risk Rating 2.0, and they deny that FEMA does not provide adequate information about what it is changing and respectfully refer the Court to the referenced source in this paragraph for a full and accurate statement of its contents.

179.     Defendants admit that Risk Rating 2.0 employs catastrophic loss modeling, but they otherwise deny the remaining allegations in this paragraph.

180.     Defendants deny the allegations in the first sentence of this paragraph, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

181.     Defendants deny the allegations in the first sentence of this paragraph, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

182.     Deny.

183.     Deny.

184.     Deny.

185.     Defendants admit the allegations in the first sentence of this paragraph and deny the remaining allegations in this paragraph.

186.     Defendants admit that Risk Rating 2.0 considers a structure's elevation but otherwise deny the allegations in this paragarph

187.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

188.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

189.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

190.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

191.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

192.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

193.     Deny.

194.     Defendants deny the allegations in this paragraph, except to admit that increased flood mitigation should reduce the amount of flood damage to a structure and generally results in lower flood insurance premiums.

195.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

196.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

197.     Defendants deny the allegations in the first sentence of this paragraph. Defendants admit that the premium figures in the second and third sentences of this paragraph are listed in the policyholder's affidavit cited in this paragraph, and they respectfully refer the Court to the cited affidavit for a full and accurate statement of its contents. Defendants admit the remaining allegations

in the third sentence of this paragraph and respectfully refer the Court to the cited affidavit for a full and accurate statement of its contents.

198.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

199.    Deny.

200.    Defendants deny the allegations in this paragraph, except to admit that the report cited by Plaintiffs never existed and the mention of such a report in FEMA document was a typo.

201.    Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph.

202.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second and third sentences of this paragraph.

203.    Deny.

204.    Deny.

205.    Deny.

206.    Deny.

207.    Deny.

208.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. Defendants deny the allegations in the third sentence of this paragraph. Defendants admit the allegations in the fourth sentence of this paragraph. Defendants deny the allegations in the fifth and sixth sentences of this paragraph, except to admit that Mr. Bourgeois's premium increased over last year. Defendants deny the allegations in the seventh sentence of this paragraph, except to admit that the policyholder's affidavit cited in this

paragraph and accompanying declaration page reflect the stated premium figures, and they respectfully refer the Court to these documents for a full and accurate statement of their contents.

209.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

210.   Defendants deny that Risk Rating 2.0 does away with CRS discounts, and Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

211.   Defendants admit that the mechanics of its grant programs remain the same under Risk Rating 2.0, and they deny the remaining allegations in this paragraph.

212.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

213.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

214.   Defendants deny the allegations in this paragraph, except to admit that, under Risk Rating 2.0, FEMA no longer calculates premium rates based on zones depicted on FIRMs.

215.   Deny.

216.   Defendants deny the allegations in this paragraph, except to admit that some premiums for certain properties located in minimal or moderate flood hazard areas as depicted on FIRMs will see higher premiums this year.

217.   Deny.

218.   Defendants deny the allegations in this paragraph, except to admit that communities use FIRMs for floodplain management purposes.

219.   Defendants admit that due to Plaquemines Parish's multiple violations of the floodplain management regulations and the parish's serious problems with community administration

and enforcement procedures, the Community Assistance Visit for Plaquemines Parish has been maintained in open status pending resolution of the compliance issues. Defendants deny the allegations in the second sentence of this paragraph, except to admit that FIRMs can be used to inform the Community Assistance Visit.

220.     Defendants deny the allegations in this paragraph, except to admit that FEMA may take discretionary enforcement action under 44 C.F.R. § 59.24 if a community is determined to be out of compliance with applicable NFIP requirements.

221.     Deny.

222.     Deny.

223.     Defendants deny the allegations in this paragraph, except to admit that Risk Rating 2.0 eliminated "grandfathered" rates.

224.     Defendants deny the allegations in this paragraph, except to admit that under the NFIP legacy rating approach, some policyholders who built in compliance with a FIRM at the time of construction or policyholders who maintained continuous coverage on their policies could retain their old flood insurance rate class if their property was mapped into a higher flood rate class, which was colloquially referred to as "grandfathering."

225.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

226.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding why existing policyholders stayed in the program, and they otherwise deny the allegations in this paragraph.

227.     Defendants deny the allegations this this paragraph, except to admit that 42 U.S.C. § 4015(e) provides that "the chargeable risk premium rate for flood insurance under this chapter for any property may not be increased by more than 18 percent, except" as provided in the statute.

228.     Deny.

229.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

230.     Defendants admit and respectfully refer the Court to the cited FEMA webpage for a full and accurate statement of its contents.

231.     Defendants admit and respectfully refer the Court to the cited FEMA webpage for a full and accurate statement of its contents.

232.     Defendants admit and respectfully refer the Court to the cited webpage for a full and accurate statement of its contents.

233.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and they respectfully refer the Court to the cited article for a full and accurate statement of its contents.

234.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the "communities" referenced but not specified in this paragraph, and they respectfully refer the Court to the cited exhibit for a full and accurate statement of its contents.

235.     Defendants deny the allegations in this paragraph, except admit that in every state, some policyholders will see increases in premiums and some policyholders will see decreases in premiums under Risk Rating 2.0.

236.     Defendants deny the allegations in the first sentence of this paragraph, except to admit for certain policyholders whose premiums are being increased by up to 18% annually over several years, the increases are compounded. Defendants deny the allegations in the second sentence of this paragraph, lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of this paragraph, and they respectfully refer the Court to the cited letter for a full and accurate statement of its contents.

237.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

238.    The allegations in the first sentence of this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, these allegations are denied, except to admit that 42 U.S.C. § 4015(e) provides that "the chargeable risk premium rate for flood insurance under this chapter for any property may not be increased by more than 18 percent, except" as provided in the statute. Defendants deny the allegations in the second sentence of this paragraph, except to admit that some policyholders may see increases in premiums for several years. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph.

239.    Defendants admit that FEMA projected 81.7 percent of policyholders in Orleans Parish would pay higher premiums under Risk Rating 2.0 than under the NFIP legacy rating approach. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, and they respectfully refer the Court to the cited report for a full and accurate statement of its contents.

240.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph purport to characterize an Associated Press article, and Defendants respectfully refer the Court to the article for a true and accurate statement of its contents.

241.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The second sentence of this paragraph purports to characterize a report; Defendants respectfully refer the Court to the report for a full and accurate statement of its contents.

242.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they respectfully refer the Court to the cited article for a full and accurate statement of its contents.

243.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendants admit the allegations in the second and third sentences of this paragraph.

244.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they respectfully refer the Court to the cited exhibit, which contains the figures listed, for a full and accurate statement of its contents.

245.     Deny.

246.     Defendants deny the allegations in this paragraph, and they respectfully refer the Court to the cited report for a full and accurate statement of its contents.

247.     Deny.

248.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

249.     Defendants admit the allegations in the first sentence of this paragraph. Defendants admit that the full-risk premium figure listed in the policyholder's policy declaration page, which is attached to the exhibit cited in this paragraph, is $6,295, respectfully refer the Court to the exhibit and declaration page for a full and accurate statement of their contents, and otherwise deny the allegations in the second sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph.

250.     Defendants deny the allegations in the first sentence of this paragraph. Defendants admit the allegations in the second sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

251.     Defendants deny the allegations in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

252.     Deny.

253.     The allegations in the first, second, and fifth sentences of this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, these allegations are denied, except to admit that Risk Rating 2.0 did not undergo review under Executive Order 12866. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of this paragraph.

254.     The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph purport to characterize 42 U.S.C. § 4024; Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents, and they otherwise deny the allegations in this paragraph.

255.     Defendants deny the allegations in the first sentence of this paragraph, except to admit that (a) on October 1, 2021, FEMA began using Risk Rating 2.0 to rate all new policies and renewals if the renewal premium under Risk Rating 2.0 were lower than under the NFIP legacy rating system, and (b) starting April 1, 2022, FEMA began using Risk Rating 2.0 to rate all renewal policies. Defendants deny the allegations in the second sentence of this paragraph.

256.     Defendants admit the allegations in the first, second, and third sentences of this paragraph, and they deny the allegations in the fourth sentence of this paragraph.

257.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

258.     The allegations in the first sentence of this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

259.    Defendants deny the allegations in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, except to admit that under Risk Rating 2.0, FEMA is not offering Preferred Risk Policies in X zones.

260.    The allegation in this paragraph regarding the "unreasonable" nature of costs constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, the allegation is denied. Defendants deny the remaining allegations in this paragraph.

261.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

262.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

263.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

264.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

265.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

266.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

267.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

268.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

269.     The allegations in this paragraph regarding reimbursement and enforcement constitute conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in the first sentence of this paragraph, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

270.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

271.     Deny.

272.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

273.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

274.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

275.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

276.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

277.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

278.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

279.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

280.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

281.     Deny.

282.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

283.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "goals of the State." Defendants otherwise deny the allegations in this paragraph.

284.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

285.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

286.     The allegations in the first sentence of this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

287.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

288.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

289.    Defendants deny that Risk Rating 2.0 lacks transparency, and they otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

290.    Deny.

291.    Deny.

292.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph, except to admit that Louisiana has the highest rate of flood-insured homes in the nation.

293.    Defendants admit the allegations in the first sentence of this paragraph and lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph. Defendants admit the allegations in the third sentence of this paragraph, and they deny the allegations in the fourth sentence of this paragraph.

294.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. Defendants deny the allegations in the third sentence of this paragraph.

295.    Deny.

296.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

297.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

298.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

299.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

300.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

301.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

302.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

303.     Deny.

304.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "goals of the State." Defendants otherwise deny the allegations in this paragraph.

305.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

306.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

307.     The allegations in the first sentence of this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

308.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

309.    Deny.

310.    Deny.

311.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

312.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

313.    The allegations in this paragraph regarding reimbursement and enforcement constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

314.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they respectfully refer the Court to the cited exhibit for a full and accurate statement of its contents.

315.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

316.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

317.    Deny.

318.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

319.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

320.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

321.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

322.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

323.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

324.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

325.     Deny.

326.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "goals of the State." Defendants otherwise deny the allegations in this paragraph.

327.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

328.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

329.     The allegations in the first sentence of this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

330.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

331.     Deny.

332.     Deny.

333.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

334.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

335.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

336.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

337.    Defendants deny the allegations in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of this paragraph. Defendants deny the allegations in the fifth sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth and seventh sentences of this paragraph.

338.    Deny.

339.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

340.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

341.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

342.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

343.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

344.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

345.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

346.    Deny.

347.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "goals of the State." Defendants otherwise deny the allegations in this paragraph.

348.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

349.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

350.    The allegations in the first sentence of this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

351.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

352.    Deny.

353.    Defendants deny the allegations in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

354.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

355.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

356.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

357.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

358.    Deny.

359.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

360.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

361.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

362.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

363.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

364.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

365.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

366.    Deny.

367.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "goals of the State." Defendants otherwise deny the allegations in this paragraph.

368.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

369.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

370.    The allegations in the first sentence of this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

371.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

372.    Deny.

373.    Deny.

374.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

375.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

376.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

377.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

378.    Deny.

379.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

380.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

381.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

382.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

383.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

384.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

385.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

386.     Deny.

387.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "goals of the State." Defendants otherwise deny the allegations in this paragraph.

388.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

389.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

390.     The allegations in the first sentence of this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

391.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

392.    Deny.

393.    Deny.

394.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

395.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

396.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

397.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph. Defendants deny the allegations in the fourth sentence of this paragraph, except to admit that North Dakota has 337 communities participating in the NFIP. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of this paragraph.

398.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

399.    Deny.

400.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

401.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

402.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

403.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

404.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

405.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

406.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

407.    Deny.

408.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "goals of the State." Defendants otherwise deny the allegations in this paragraph.

409.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

410.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

411.    The allegations in the first sentence of this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

412.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

413.    Deny.

414.    Deny.

415.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

416.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

417.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

418.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

419.    Deny.

420.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

421.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

422.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

423.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

424.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

425.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

426.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

427.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

428.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "goals of the State." Defendants otherwise deny the allegations in this paragraph.

429.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

430.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

431.    The allegations in the first sentence of this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

432.    Defendants deny that Risk Rating 2.0 creates uncertainty regarding rate calculations, and they otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

433.    Deny.

434.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

435.    The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

436.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

437.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

438.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

439.   Deny.

440.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

441.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

442.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

443.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

444.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

445.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

446.   The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

447.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

448.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "goals of the State." Defendants otherwise deny the allegations in this paragraph.

449.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

450.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

451.     The allegations in the first sentence of this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

452.     Defendants deny that Risk Rating 2.0 creates uncertainty regarding rate calculations, and they otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

453.     Deny.

454.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

455.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

456.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

457.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

458.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. Defendants deny the allegations in the third sentence of this paragraph except to admit that there are 291 communities in Virginia that participate in the NFIP.

459.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

460.     Deny.

461.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

462.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

463.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

464.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

465.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

466.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

467.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

468.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

469.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "goals of the State." Defendants otherwise deny the allegations in this paragraph.

470.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

471.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

472.     The allegations in the first sentence of this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

473.     Defendants deny that Risk Rating 2.0 creates uncertainty regarding rate calculations, and they otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

474.     Deny.

475.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

476.     The allegations in this paragraph constitute a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

477.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

478.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

479.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on this basis, except to admit that some policyholders in the parish will experience premium increases.

480.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on this basis, except to admit that some policyholders in the parish will experience premium increases and FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

481.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in (a) the first, third, and sixth sentences of this paragraph, and (b) the fourth sentence of this paragraph regarding policyholders leaving the area. Defendants admit the allegations in the second sentence of this paragraph that the parish has adopted the requirements to become an NFIP community. Defendants deny the allegations in the fifth sentence of this paragraph and the remaining allegations of the fourth sentence of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

482.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response

is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on this basis, except to admit that some policyholders in the parish will experience premium increases.

483.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this first, third, fourth, and seventh sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, except to admit that Bossier Parish has implemented the required floodplain management regulations. Defendants deny the allegations in the fifth and sixth sentences of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

484.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this first, second, and fourth sentences of this paragraph. Defendants deny the allegations in the third sentence of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

485.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this first, second, and fourth sentences of this paragraph. Defendants deny

the allegations in the third sentence of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

486.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this first and third sentences of this paragraph. Defendants deny the allegations in the second sentence of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

487.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this first, second, and fourth sentences of this paragraph. Defendants deny the allegations in the third sentence of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

488.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this first, third, and sixth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, except to admit that Concordia Parish has implemented the required floodplain management regulations. Defendants deny the allegations in the fourth and fifth sentences

of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

489.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

490.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

491.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, fifth, sixth, eighth, and ninth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and deny them on that basis, except to admit that Evangeline Parish has implemented the required floodplain management regulations. Defendants deny the allegations in the third and fourth sentences of this paragraph, except to admit that (a) some policyholders in Evangeline Parish will experience premium rate increases; (b) Evangeline Parish does not participate in CRS and, as such, would not have experienced a decrease in CRS discounts; and (c) FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual. The allegations in the seventh sentence of this

paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, these allegations are denied.

492.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this first and fifth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, except to admit that Franklin Parish has implemented the required floodplain management regulations. Defendants deny the allegations in the third and fourth sentences of this paragraph, except to admit that some policyholders will experience premium rate increases; that Franklin Parish does not participate in CRS and, as such, would not have experienced a decrease in CRS discounts; and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

493.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this first, fifth, and sixth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, except to admit that Grant Parish has implemented the required floodplain management regulations. Defendants deny the allegations in the third and fourth sentences of this paragraph, except to admit that some policyholders will experience premium rate increases; that Grant Parish does not participate in CRS and, as such, would not have experienced a decrease in CRS discounts; and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

494.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

495.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

496.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this first, second, third, fourth, sixth, and seventh sentences of this paragraph. Defendants deny the allegations in the fifth sentence of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual. Defendants also note that this Party's claims have been dismissed.

497.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

498.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

499.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except to admit that some policyholders will experience premium rate increases, and FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

500.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in  the first, second, third, and seventh sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of this paragraph and deny them on that basis, except to admit that Livingston Parish has implemented the required floodplain management regulations. Defendants deny the allegations in the fifth and sixth sentences of this paragraph, except to admit the following: (a) some policyholders will experience premium rate increases; (b) Livingston Parish was retrograded to a CRS Class 10 (zero percent discount in premiums) due to a lack of compliance with program requirements and, as such, would not have experienced a decrease in CRS discounts; and (c) FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

501.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response

is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

502.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

503.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases. Defendants deny the allegations in the third and fourth sentences of this paragraph, except to admit that FEMA has established floodplain management criteria that communities must adopt and enforce to participate in the NFIP. Defendants deny the allegations in the fifth and sixth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

504.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this first, third, fourth, and seventh sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, except to admit that St. Bernard Parish has implemented the required

floodplain management regulations. Defendants deny the allegations in the fifth and sixth sentences of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

505.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this first, third, fourth, and seventh sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, except to admit that St. Charles Parish has implemented the required floodplain management regulations. Defendants deny the allegations in the fifth and sixth sentences of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

506.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

507.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

508.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fifth sentences of this paragraph. Defendants deny the allegations in the third and fourth sentences of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

509.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, fourth, fifth, seventh, and eighth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and deny them on that basis, except to admit that the parish has implemented the required floodplain management regulations. Defendants deny the allegations in the second sentence of this paragraph, except to admit that some policyholders will experience premium rate increases. The allegations in the sixth sentence of this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, these allegations are denied.

510.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fifth, seventh, eleventh, thirteenth, and fourteenth sentences. Defendants admit the allegations in the fourth sentence of this paragraph. Defendants deny the allegations in the sixth and tenth sentences of this paragraph. Defendants deny the allegations in

the eighth sentence of this paragraph, except to admit that under the NFIP legacy rating approach, some policyholders who built in compliance with a FIRM at the time of construction or policyholders who maintained continuous coverage on their policies could retain their old flood insurance rate class if their property was mapped into a higher flood rate class, which was colloquially referred to as "grandfathering," and Risk Rating 2.0 no longer recognizes "grandfathering." Defendants deny the allegations in the ninth sentence of this paragraph, except to admit that some policyholders will experience an increase in premiums.

511.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and eighth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and deny them on that basis, except to admit that St. Tammany Parish has implemented the required floodplain management regulations and participates in the CRS program. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of this paragraph. Defendants admit that the premium figure in the fifth sentence of this paragraph is listed in the cited affidavit, respectfully refer the Court to the affidavit for a full and accurate statement of its contents, and otherwise lack knowledge or information sufficient to form a belief about the truth of the figure in this sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to St. Tammany Parish's anticipation regarding premiums in the sixth sentence of this paragraph, and they otherwise deny the allegations in this sentence. Defendants deny the allegations in the seventh sentence of this paragraph, except to admit that some policyholders will experience premium rate increases and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

512.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and sixth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and deny them on that basis, except to admit that Tangipahoa Parish has implemented the required floodplain management regulations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of this paragraph and deny them on that basis, except to admit that some policyholders in the parish will experience premium increases. Defendants deny the allegations in the fifth sentence of this paragraph except to admit that some policyholders will experience premium rate increases, and FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

513.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, fourth, and sixth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and deny them on that basis, except to admit that Tensas Parish has implemented the required floodplain management regulations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases. Defendants deny the allegations in the fifth sentence of this paragraph, except to admit the following: (a) some policyholders will experience premium rate increases, (b) Tensas Parish

does not participate in CRS and, as such, would not have experienced a decrease in CRS discounts; and (c) FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

514.   This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and deny them on this basis, except to admit that some policyholders will experience premium increases. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, fourth, fifth, seventh, and eighth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases. Defendants deny the allegations in the sixth sentence of this paragraph, except to admit that some policyholders will experience premium increases.

515.   This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

516.   This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

517.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and seventh sentences of this paragraph. Defendants deny the allegations in the fourth, fifth, and sixth sentences of this paragraph, except to admit that (a) some policyholders will experience premium rate increases; (b) Washington Parish does not participate in CRS and, as such, would not have experienced a decrease in CRS discounts; and (c) FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

518.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

519.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

520.     This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fifth sentences of this paragraph. Defendants admit the second sentence of this paragraph. Defendants deny the allegations in the third and fourth sentences of this paragraph, except to admit that some policyholders will experience premium rate increases; (b) West Feliciana Parish does not participate in CRS and, as such, would not have experienced a decrease in

CRS discounts; and (c) FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

521.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, fifth, and sixth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences of this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph and deny them on that basis, except to admit that Winn Parish has implemented the required floodplain management regulations.

522.    This paragraph relates to a municipal Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

523.    This paragraph relates to a parish Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

524.    This paragraph relates to levee district Plaintiffs, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. Moreover, the

allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

525.     This paragraph relates to levee district Plaintiffs, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. Moreover, the allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

526.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

527.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

528.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

529.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

530.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, eighth, and ninth sentences of this paragraph. Defendants deny the allegations in the fifth sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of this paragraph and deny them on this basis, except to admit that Risk Rating 2.0 does not use "grandfathering." Defendants deny the allegations in the seventh sentence of this paragraph, except to admit that some policyholders will experience premium increases.

531.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

532.     This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fifth sentences of this paragraph. Defendants deny the allegations in the third and fourth sentences of this paragraph, except to admit that some

policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

533.    This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

534.    This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

535.    This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

536.    This paragraph relates to a levee district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

537. This paragraph relates to a drainage district Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and deny them on that basis, except to admit that some policyholders will experience premium increases.

538. This paragraph relates to an association Plaintiff, whose claims the Court has dismissed for lack of standing. *See* ECF No. 100 at 41. Accordingly, no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth sentences of this paragraph. Defendants deny the allegations in the tenth sentence of this paragraph, except to admit that some policyholders will experience premium rate increases, and that FEMA no longer offers non-statutory premium discounts, except for certain mitigation discounts as specified in the NFIP Flood Insurance Manual.

539. Defendants deny the allegations in the first sentence of this paragraph, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

540. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

541. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

542. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

543. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

544. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

545. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

546. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, these allegations are denied.

547. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

548. Defendants repeat and incorporate by reference each of the responses to the allegations in the Complaint stated above.

549. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit and respectfully refer the Court to the quoted statutes for a full and accurate statements of their contents.

550. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, these allegations are denied.

551. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny and respectfully refer the Court to 42 U.S.C. §§ 4011, 4014(a), 4015(a)–(c) for a full and accurate statement of FEMA's obligations for the estimation of premium rates and establishment of chargeable premium rates.

552. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, these allegations are denied.

553. Defendants deny the allegations in this paragraph concerning the cost of flood insurance, except to admit that the cost of flood insurance will rise for some policyholders, and they respectfully refer the Court to the cited webpage for a full and accurate statement of its contents.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the motivations of existing and prospective policyholders to maintain coverage.

554.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, these allegations are denied.

555.     The allegations in this paragraph purport to characterize data from an excel file on a FEMA webpage; Defendants respectfully refer the Court to the excel file for a full and accurate statement of its contents.

556.     The allegations in this first three sentences of this paragraph purport to characterize data from an excel file on a FEMA webpage; Defendants respectfully refer the Court to the excel file for a full and accurate statement of its contents. Defendants deny the allegations in the fourth and fifth sentences of this paragraph.

557.     Defendants deny the allegations in the first sentence of this paragraph, except to admit that some policyholders will see an increase in premium. Defendants admit that the premium figures listed in the policyholder's policy declaration pages, which are attached to the exhibit cited in this paragraph, are $3,289 and $5,611, respectfully refer the Court to the exhibit and declaration pages for a full and accurate statement of their contents, and otherwise deny the allegations in the second sentence of this paragraph.

558.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that the allegations purport to characterize FEMA's statutory obligations to set rates, and they respectfully refer the Court to 42 U.S.C. §§ 4014, 4015 for a full and accurate statement of FEMA's obligations for the estimation of premium rates and establishment of chargeable premium rates.

559.     Deny.

560.    Deny.

561.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny except to admit that 42 U.S.C. § 4024 states: "In carrying out this chapter, the Administrator shall consult with other departments and agencies of the Federal Government, and with interstate, State, and local agencies having responsibilities for flood control, flood forecasting, or flood damage prevention, in order to assure that the programs of such agencies and the flood insurance program authorized under this chapter are mutually consistent."

562.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

563.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

564.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that the allegations purport to characterize 42 U.S.C. § 4020, and they respectfully refer the Court to the statute for a full and accurate statement of its contents.

565.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

566.    Deny.

567.    Deny.

568.    Defendants repeat and incorporate by reference each of the responses to the allegations in the Complaint stated above.

569.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit and respectfully refer the Court to 5 U.S.C. § 706(2)(A) for a full and accurate statement of its contents.

570.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit and respectfully refer the Court to the cited case for a full and accurate statement of its contents

571.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that the paragraph accurately quotes the cited cases, and they respectfully refer the Court to the cases for a full and accurate statement of their contents.

572.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that the paragraph accurately quotes the cited cases, and they respectfully refer the Court to the cases for a full and accurate statement of their contents.

573.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

574.     Defendants deny the allegations in the first three sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of this paragraph.

575.     Deny.

576.     The allegations in this paragraph purport to characterize FEMA's 2018 NFIP Affordability Study; Defendants respectfully refer the Court to the Affordability Framework for a full and accurate statement of its contents.

577.     Deny.

578.    Deny.

579.    Deny.

580.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

581.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

582.    The allegations in this paragraph purport to characterize FEMA's 2018 NFIP Affordability Study; Defendants respectfully refer the Court to the study for a full and accurate statement of its contents.

583.    Deny.

584.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

585.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

586.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

587.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

588.    Deny.

589.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

590.    Defendants repeat and incorporate by reference each of the responses to the allegations in the Complaint stated above.

591.   The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit and respectfully refer the Court to 5 U.S.C. § 706(2)(A) for a full and accurate statement of its contents.

592.   The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that the paragraph purports to characterize a case, and they respectfully refer the Court to the case for a full and accurate statement of its contents.

593.   Defendants deny the allegations in this paragraph, except to admit that some policyholders who built in compliance with a FIRM at the time of construction or policyholders who maintained continuous coverage on their policies could retain their old flood insurance rate class if their property was mapped into a higher flood rate class, which was colloquially referred to as "grandfathering."

594.   The allegations in this paragraph consist of conclusions of law regarding reliance interests, to which no response is required. To the extent a response is deemed required, Defendants deny.

595.   The allegations in this paragraph consist of conclusions of law regarding reliance interests, to which no response is required. To the extent a response is deemed required, Defendants deny.

596.   The allegations in this paragraph consist of conclusions of law regarding reliance interests, to which no response is required. To the extent a response is deemed required, Defendants deny.

597.   The allegations in this paragraph consist of conclusions of law regarding reliance interests, to which no response is required. To the extent a response is deemed required, Defendants deny.

598.    The allegations in this paragraph consist of conclusions of law regarding reliance interests, to which no response is required. To the extent a response is deemed required, Defendants deny.

599.    The allegations in this paragraph consist of conclusions of law regarding reliance interests, to which no response is required. To the extent a response is deemed required, Defendants deny.

600.    Defendants repeat and incorporate by reference each of the responses to the allegations in the Complaint stated above.

601.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit and respectfully refer the Court to 5 U.S.C. § 706(2)(A) for a full and accurate statement of its contents.

602.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that the paragraph accurately quotes the cited cases, and they respectfully refer the Court to the cases for a full and accurate statement of their contents.

603.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

604.    The allegations in the first two sentences of this paragraph purport to characterize a FEMA webpage; Defendants respectfully refer the Court to the webpage for a full and accurate statement of its contents. Defendants deny the allegations in the third sentence of this paragraph.

605.    Defendants admit that Risk Rating 2.0 employs catastrophic loss modeling but otherwise deny the allegations in this paragraph.

606.    Defendants deny the allegations in this paragraph, except to admit that Risk Rating 2.0 relies on the building's first floor height above the adjacent ground rather than the first floor height

above the BFE, and that the NFIP under Risk Raring 2.0 still uses the BFE for mapping and floodplain management purposes.

607.    Deny.

608.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

609.    Defendants repeat and incorporate by reference each of the responses to the allegations in the Complaint stated above.

610.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit and respectfully refer the Court to 5 U.S.C. § 706(2)(A) for a full and accurate statement of its contents.

611.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that the paragraph accurately quotes the cited case, and they respectfully refer the Court to the case for a full and accurate statement of its contents.

612.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that the paragraph accurately quotes the cited case, and they respectfully refer the Court to the case for a full and accurate statement of its contents.

613.    The allegations in this paragraph consist of conclusions of law regarding pretext, to which no response is required. To the extent a response is deemed required, Defendants deny.

614.    The allegations in this first sentence of this paragraph consist of conclusions of law regarding pretext, to which no response is required. To the extent a response is deemed required, Defendants deny, except to admit that Risk Rating 2.0 employs catastrophic loss modeling.

615.     The allegations in this paragraph consist of conclusions of law regarding pretext, to which no response is required. To the extent a response is deemed required, Defendants deny.

616.     Defendants repeat and incorporate by reference each of the responses to the allegations in the Complaint stated above.

617.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit and respectfully refer the Court to 5 U.S.C. § 706(2)(D) for a full and accurate statement of its contents.

618.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

619.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

620.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

621.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that this paragraph accurately quotes 5 U.S.C. § 553(c), and they respectfully refer the Court to the statute for a full and accurate statement of its contents.

622.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that this paragraph accurately quotes a case, and they respectfully refer the Court to the case for a full and accurate statement of its contents.

623.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

624.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

625.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

626.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

627.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

628.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

629.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

630.    Defendants repeat and incorporate by reference each of the responses to the allegations in the Complaint stated above.

631.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit and respectfully refer the Court to 5 U.S.C. § 706(2)(C) for a full and accurate statement of its contents.

632.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that this paragraph accurately quotes two cases, and they respectfully refer the Court to the quoted cases for a full and accurate statement of their contents.

633.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that this paragraph

accurately quotes a case, and they respectfully refer the Court to the quoted case for a full and accurate statement of its contents.

634. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that this paragraph accurately quotes a case, and they respectfully refer the Court to the quoted case for a full and accurate statement of its contents.

635. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that this paragraph accurately quotes a case, and they respectfully refer the Court to the quoted case for a full and accurate statement of its contents.

636. The allegations in the first sentence of this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in the first, second, and third sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth and fifth sentences of this paragraph.

637. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

638. The allegations in the first sentence of this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that the first sentence of this paragraph accurately quotes 42 U.S.C. § 4015(a), respectfully refer the Court to the statute for a full and accurate statement of its contents, and respectfully refer the Court to 42 U.S.C. §§ 4014(a), 4015(a)–(c) for a full and accurate statement of FEMA's obligations for the estimation of premium rates and establishment of chargeable premium rates. The allegations in the

sentence of this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

639.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that this paragraph quotes and purports to characterize 42 U.S.C. § 4102(c)(2), and they respectfully refer the Court to the statute for a full and accurate statement of its contents.

640.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

641.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

642.     Defendants repeat and incorporate by reference each of the responses to the allegations in the Complaint stated above.

643.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit and respectfully refer the Court to 5 U.S.C. § 706(2)(B) for a full and accurate statement of its contents.

644.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that this paragraph accurately quotes one case and purports to characterize a second case, and they respectfully refer the Court to the cases for a full and accurate statement of their contents.

645.     The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations, except to admit that (1) to participate in the NFIP and be eligible to purchase NFIP flood insurance, a community must adopt and enforce floodplain management standards consistent with the floodplain management criteria promulgated in 44 C.F.R. Part 60; and (2) CRS is a voluntary incentive program

that recognizes and encourages community floodplain management practices that exceed the minimum requirements of the NFIP.

646.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

647.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

648.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that this paragraph accurately quotes two cases, and they respectfully refer the Court to the quoted cases for a full and accurate statement of their contents.

649.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

650.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

651.    The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

The remaining paragraphs of the Complaint consist of Plaintiffs' dismissed claims in Count IX, *see* ECF No. 100 at 44, to which no response is required, and Plaintiffs' Prayer for Relief, to which no response is required. Defendants deny the allegations contained in Plaintiffs' Prayer for Relief and further aver that Plaintiffs are not entitled to the relief requested or to any relief at all.

Defendants hereby deny all allegations in the Complaint not expressly admitted or denied.

Dated:  April 25, 2024                                    Respectfully submitted,

BRIAN M. BOYNTON                              TODD KIM
Principal Deputy Assistant Attorney General      Assistant Attorney General
Civil Division                                               Environment & Natural Resources
                                                                   Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

/s/ *Yoseph T. Desta*
YOSEPH T. DESTA
(CA Bar # 332179)
BENJAMIN TAKEMOTO
(DC Bar # 1045253)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-3080
Email: yoseph.t.desta@usdoj.gov

KRYSTAL-ROSE PEREZ,
(TX Bar # 24105931)
Trial Attorney
United States Department of Justice
Environment & Natural Resources
Division
P.O. Box 7611, Ben Franklin Station,
Washington, D.C. 20044
Tel: (202) 305-0486
Email: krystal-rose.perez@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2024, the foregoing was filed electronically through ECF/CM. On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

*/s/ Yoseph T. Desta*
YOSEPH T. DESTA