UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STATE OF LOUISIANA, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1839** |
| **DEPARTMENT OF HOMELAND SECURITY, ET AL** | **SECTION: "P" (3)** |

## ORDER

Before the Court is the parties' Joint Motion to Modify the Scheduling Order (R. Doc. 113). Having reviewed the motion and the scheduling order governing this matter, the Court agrees with the parties that a modification is necessary. The Court finds, however, that neither Plaintiffs' nor Defendants' proposed modifications are workable.[1] Additionally, regardless of whether the Court grants the May 15 or the July 26 deadline for producing the administrative record, it is impractical to set the remainder of the deadlines without knowing whether there will be motion practice regarding the completeness of the administrative record or whether there will be a need for extra-record discovery. Accordingly, the Court vacates its prior scheduling order. The Court

---

[1] For example, even if the Court accepted Plaintiffs' proposed May 15 deadline for the production of the administrative record, it seems highly unlikely that the parties will be able to fully brief and the Court will be able to address Plaintiffs' Motion to Supplement and/or Complete the Administrative Record that Plaintiffs seek to file on July 15, 2024, in enough time to order Defendants to supplement the record by the July 31, 2024 deadline that Plaintiffs propose (or, even if the Court did issue a ruling on the submission date of Plaintiffs' motion—which would have to be July 30 under the Court's Local Rule requiring 15 days between when an opposed motion is filed and its submission date—that it is fair or reasonable to give notice to Defendants on July 30 of the supplemental records they must provide to Plaintiffs by July 31). Additionally, Plaintiffs' proposed discovery deadlines stem from their assumption that the administrative record will be complete by the July 31 deadline. Thus, if the July 31 deadline is not satisfied, which the Court finds likely to be the case if the completeness of the record is contested, then the remainder of Plaintiffs' proposed deadlines will either be cut short or need to be continued altogether. And lastly, while Plaintiffs seek to give the parties roughly six weeks between each briefing deadline for their cross-motions for summary judgment, Plaintiffs' proposal calls for submitting the final documentation the Court will need to resolve the cross-motions only 17 days before the current trial date.

As to Defendants' proposal, the Court finds it fails to account for discovery that may need to occur in this case. While many of the legal issues must be decided based on the administrative record, other issues, such as Plaintiffs' constitutional standing, for example, may need to be supported by extra-record evidence. The Court is inclined to set deadlines for limited discovery, in the event it is necessary.

will keep the May 5, 2025 trial date, for now, in the event it remains possible for the case to be tried at that time after future pre-trial deadlines are determined. But the Court finds the most efficient and practical use of the Court's and the parties' resources is to first set deadlines for the production of the administrative record and for Plaintiffs to contest the completeness of the record. Once the issue of the completeness of the administrative record is resolved and Plaintiffs have had a chance to review the record to determine the need for extra-record discovery, the Court will set the remaining necessary deadlines, which may result in a continuance of the May 5, 2025 trial date if the necessary pre-trial matters cannot reasonably take place before that date.

Accordingly, the Court enters the following Orders:

- The parties' Joint Motion to Modify the Scheduling Order (R. Doc. 113) is **GRANTED IN PART** and **DENIED IN PART**, as explained herein.

- The Scheduling Order in this action (R. Doc. 108) is **VACATED**, with the exception of the May 5, 2025 trial date and the April 23, 2025 pretrial conference, which remain, for now, as explained above.

- On or before **July 26, 2024**, Defendants shall produce the Administrative Record to Plaintiffs and file a certified list of the contents of the Administrative Record with the Court.

- On or before **September 20, 2024**, Plaintiffs shall file either: (1) a Motion to Supplement and/or Complete the Administrative Record, or (2) a Notice that Plaintiffs do not contest the completeness of the Administrative Record.

    o *If Plaintiffs do not contest the completeness of the Administrative Record*, then on or before **October 4, 2024**, the parties shall confer and file a joint motion for a scheduling order, which shall include proposed discovery deadlines (if necessary) and proposed briefing deadlines for the parties' cross-motions for summary judgment.

    o *If Plaintiffs file a Motion to Supplement and/or Complete the Administrative Record*, then **no later than 14 days after the Court's Order resolving that**

    **motion (if denied) or the Defendants' deadline to produce the supplemental documents (if granted)**, the parties shall confer and file a joint motion for a scheduling order, which shall include proposed discovery deadlines (if necessary) and proposed briefing deadlines for the parties' cross-motions for summary judgment.

- o  The Court will make a determination as to the necessity of continuing the trial in this matter after it has a chance to review the necessary pre-trial deadlines proposed by the parties.

New Orleans, Louisiana, this 7th day of May 2024.

*[signature]*

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**