**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LOUISIANA STATE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.  23-1839** |
| **DEPARTMENT OF HOMELAND SECURITY, ET AL.** | **SECTION: "P" (3)** |

## ORDER AND REASONS

This case arises from changes made by the Federal Emergency Management Agency ("FEMA") to its method of calculating premium costs for flood insurance policies issued by the National Flood Insurance Program.[1] Plaintiffs, the States of Louisiana, Florida, Idaho, Kentucky, Mississippi, Montana, North Dakota, South Carolina, Texas, and Virginia, and Louisiana State Parishes of Livingston, St. Tammany, and Washington (collectively, "Plaintiffs"), allege FEMA's adoption of this new method exceeds its statutory authority and constitutes arbitrary and capricious agency action, taken without observance of statutory procedural requirements and in violation of the Constitution.[2]

In connection with the litigation, the Administrative Procedure Act ("APA")[3] requires production of a complete administrative record. Defendants United States

---

[1] R. Doc. 1 at 7.
[2] *Id.* at 127–142.
[3] 5 U.S.C. § 706.

Department of Homeland Security, Federal Emergency Management Agency ("FEMA"), and Federal Insurance and Mitigation Administration (collectively, "Defendants") move (R. Doc. 119) the Court to enter a standard protective order limiting disclosure of personally identifiable information ("PII") and confidential business information under Federal Rule of Civil Procedure 26(c).[4] Plaintiffs oppose the Motion,[5] and Defendants have filed a reply memorandum.[6] For the following reasons, the motion is granted.

Initially, Plaintiffs argue that Rule 26(c) does not authorize entry of a protective order when, as here, the APA requires production of an administrative record for judicial review.[7] But Plaintiffs cite no applicable authority supporting this position. And, as Defendants point out, "courts regularly apply Rule 26(c) in APA cases to grant agencies protective orders in  circumstances indistinguishable from this case."[8] Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle*

---

[4] R. Doc. 119-1; *see also* R. Doc. 119-5. Plaintiffs focus on the Defendants' attempt to shield confidential business information; they do not principally object to the protection of PII.

[5] R. Doc. 121.

[6] R. Doc. 127.

[7] R. Doc. 121 at 3–9.

[8] R. Doc. 127 at 2–3 (citing, *inter alia*, *Ensco Offshore Co. v. Salazar*, No. CV 10-1941, 2010 WL 11538697, at *13 (E.D. La. Sept. 16, 2010); *Amfac Resorts, LLC v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 14–15 (D.D.C. 2001); *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 249 F. Supp. 3d 516, 520–23 (D.D.C. 2017)).

*Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). That broad discretion authorizes courts to shield confidential materials in an administrative record when necessary and appropriate. *See Standing Rock Sioux Tribe,* 249 F. Supp. 3d at 520 (rejecting the argument that courts "lack[] the power" to "approve[] protective orders to shield portions of administrative records from public disclosure" when otherwise permitted by Rule 26(c)(1)).

In the alternative, Plaintiffs argue that Defendants have not met Rule 26(c)(1)'s good-cause requirement for the entry of a protective order over confidential business information.[9] Defendants seek to shield from public production, for example, actuarial and risk modeling from third-party vendors that FEMA used in connection the changes to the premium calculation method.[10] Plaintiffs claim Defendants cannot show good cause to protect this information because it is already subject to public disclosure under 42 U.S.C. § 4020.[11] But Plaintiffs' assertion that FEMA violated § 4020 by withholding this information is intertwined with the merits of its challenges to FEMA's actions. This merits issue is premature for consideration and does not cut against Defendants' otherwise successful showing that, at this stage, good cause supports the entry of a protective order as to both confidential business

---

[9] R. Doc. 121 at 9–14.
[10] R. Doc. 119-1 at 7–8.
[11] R. Doc. 121 at 10–11.

3

documents and PII.[12]

For these reasons, **IT IS ORDERED** that Defendants' Motion to Enter a Protective Order, R. Doc. 119, is **GRANTED.  A** Protective Order will be entered by separate order of the Court.

New Orleans, Louisiana, this 30th day of September, 2024.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[12] R. Doc. 121-1 at 7; *see also* Fed. R. Civ. P. 26(c)(1)(G).