**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| THE STATE OF LOUISIANA *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY *et al.*,<br><br>*Defendants*. | Action No. 2:23-cv-01839<br>Section P<br>District Judge Darrel J. Papillion<br>Magistrate Judge Eva J. Dossier |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

At this procedural posture, where the parties have moved for cross-motions for summary judgment, the Court need not reconsider its dismissal of certain Plaintiff Parishes for two distinct reasons.

*First*, Plaintiffs contend that the presence of one Plaintiff with standing obviates the need to establish standing for every other Plaintiff simply because all Plaintiffs here seek identical relief. *See* Pls.' Mem. in Supp. of Pls.' Mot. for Reconsideration ("Pls.' Br.") at 2. Not so. The Fifth Circuit has recognized that only one plaintiff must have standing for a case or controversy to exist. That does not mean that standing "is dispensed in gross." *Murthy v. Missouri*, 603 U.S. 43, 61 (2024) (citation omitted); *see, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 357–58 (1996); *Fednav, Ltd. v. Chester*, 547 F.3d 607, 614 (6th Cir. 2008) (dismissing several but not all of the plaintiffs for lack of standing); *Colville v. Becerra*, Civ. No. 1:22CV113-HSO-RPM, 2023 WL 2668513, at *9 (S.D. Miss. Mar. 28, 2023) (similar, explaining that "if the standing question is not complex, and the Court '*knows* that a party is without standing,' that plaintiff must be dismissed" (quoting *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 344 n.3 (5th Cir. 2013)), which explained that a court need not verify the independent standing

of other co-plaintiffs when one has standing, but cannot avoid resolving the standing of these co-plaintiffs when, as was the case with two of the plaintiffs at issue, it knew they had no injury). Each Plaintiff must establish a particularized and redressable Article III injury "affect[ing] the plaintiff in a personal and individual way," for each claim raised and form of relief sought. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Accordingly, Plaintiffs cannot merely seek reinstatement by piggybacking off Article III injuries asserted by *other* Plaintiffs in this case.[1]

*Second*, to the extent any of the Plaintiff Parishes seeking reinstatement currently hold NFIP policies, the Court should likewise decline to reinstate those Parishes, as they have certainly not established sufficient injury in fact or redressability. As explained in Defendants' combined opposition and cross-motion for summary judgment, the Parishes with current NFIP policies have not actually proffered evidence they are experiencing annual premium increases that meet or exceed the required 18% statutory cap set forth under 42 U.S.C. § 4015(e). *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013) ("The party invoking federal jurisdiction bears the burden of establishing" standing—and, at the summary judgment stage, such a party can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts." (quotations omitted)).

Moreover, the Plaintiff Parishes' ultimate request—to vacate Risk Rating 2.0—would not redress their purported injury of increased premiums, as such relief ignores what has long been recognized by industry, governmental agencies, and the Federal Emergency Management Agency ("FEMA") itself: coastal geographic areas, including many of the Plaintiff Parishes that have sought reinstatement here, were receiving artificial discounts not reflective of their actual flood risk under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 *et seq.* (the "NFIA"). That is because, under the legacy system, FEMA (1) relied on flood probabilities from the 1980s and damage estimates that

[1] Indeed, in Plaintiffs' most recent filing, they conceded that Washington Parish no longer holds a National Flood Insurance Program ("NFIP") policy.

did not fully reflect recent NFIP damage experience; (2) utilized rate maps that had not been updated; (3) allowed for grandfathered policies that eroded the NFIP's ability to charge rates that reflect the risk of flooding; and (4) utilized NFIP's full-risk rates that did not always reflect actual flood risk. AR0008070. As a result, there is no dispute that FEMA (1) has, for more than a decade, suffered a deficit with the NFIP because it has not collected sufficient premiums to cover risk; and (2) must set NFIP rates on an actuarial basis, 42 U.S.C. § 4014(a)(1). Thus, vacating Risk Rating 2.0 would only deprive FEMA of the ability to assess risk (and thus estimate premiums) based on an individualized assessment of a property's particular flood risks, *see* Declaration of David I. Maurstad ¶¶ 61–62, ECF No. 56-1 ("Maurstad Decl."), and could force FEMA to raise premiums indefinitely across wide segments of policyholders whose properties share a limited set of very basic characteristics to ensure that premium rates are actuarily sound, *id.* ¶¶ 215–16. None of the Parishes makes any showing whatsoever that they would somehow be exempt from these wide-sweeping rate increases in the absence of Risk Rating 2.0. *Cf. Louisiana by and through Landry v. Biden*, 64 F.4th 674, 682 (5th Cir. 2023) (no standing where "[t]he alleged harms would have occurred with or without the [federal policy]"). This lack of redressability further underscores that the dismissed Plaintiff Parishes should not be reinstated at summary judgment. *See Vt. Agency of Nat'l Res. v. United States*, 529 U.S. 765, 771 (2000) (holding that "a plaintiff must show a 'substantial likelihood' that the requested relief will remedy the alleged injury in fact").

For these reasons, the Court should deny Plaintiffs' request for reconsideration.

Date: August 11, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Sarah M. Suwanda*
SARAH M. SUWANDA
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Phone: (202) 305-3196
E-mail: sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*