**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| THE STATE OF LOUISIANA, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>2:23-CV-01839-DJP-JVM<br><br>JUDGE DARREL PAPILLON<br><br>MAGISTRATE JUDGE<br>EVA J. DOSSIER |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

Defendants' Opposition to Plaintiffs' Motion for Reconsideration, ECF 216, presses arguments that are not reconcilable with the legal reasoning of this Court's order denying Defendants' motion to dismiss, ECF 100.

On injury, this Court held that the Plaintiff Parishes established standing through "financial injury in the form of increased premium rates on policyholders." ECF 100 at 30. Plaintiffs have now provided evidence that those financial injuries affect at least seven additional Parishes. ECF 186-1 at 3–5. Defendants try to shift the goalposts by arguing that the Parishes have not established injury in fact because they purportedly have not provided evidence that "they are experiencing annual premium increases that meet or exceed the required 18% statutory cap." ECF 216 at 2.

*First*, that is wrong—the policy documentation attached to Plaintiffs' Motion for Reconsideration demonstrates many Parish properties are on a glide-path to "full risk premiums" that represent a double, triple, or even seven times increase from the

premium rates the Parishes paid in 2021. *See, e.g.*, ECF 186-2 at 2–3 (property premiums doubling or tripling); ECF 186-3 at 2 (property premium increasing sevenfold); ECF 186-6 at 2 (explaining "[m]any properties saw the maximum statutorily allowed premium increase"). *Second*, this Court's order did not require that Plaintiffs demonstrate increases of 18% or more; it instead held that the increased premiums represented a concrete "economic injury that is fairly traceable to Risk Rating 2.0," full stop. ECF 100 at 33. *Third*, several Parishes have suffered the additional injury of having to drop their flood insurance policies due to unsustainable premium increases under Equity in Action, which not only denies Parishes access to the congressionally guaranteed program but also substantially increases the risk to the Parish in the event of a natural disaster. *See* ECF 186-7 at 2 (St. Charles Parish dropped policies due to premium increases); ECF 186-8 at 2 (Lafourche Parish dropped policies that would double or even quadruple by the time they reached their full risk premium). Under this Court's order, the Parishes' documentation establishes injury in fact.

On redressability, Defendants argued at the motion-to-dismiss stage that Plaintiffs "have not plausibly alleged redressability" and "could not possibly establish redressability." ECF 100 at 34. This Court rejected those arguments, holding that the Plaintiff Parishes had successfully alleged redressability by alleging that "Plaintiff Policyholders … are experiencing rate increases greater than what they experienced under the Legacy Rating System." *Id.* at 37–38. In their Motion for Reconsideration, Plaintiffs have now provided testimonial and documentary evidence that the

policyholder Parishes have seen greater increases under Equity in Action than they did under the legacy system. *See, e.g.*, ECF 186-1 at 3–4 (Jefferson Parish has seen a 7.58% year over year premium increase since Equity in Action was implemented where it previously saw an average premium decrease of 2.35% between 2015 and 2020); *id.* at 4 (Tangipahoa Parish saw more modest premium increases before Equity in Action was implemented). The Parishes thus have provided evidence that they are suffering greater premium increases under Equity in Action, and granting the relief that they seek will redress that harm.

This Court also previously rejected Defendants' argument that Plaintiffs would not be "'exempt from these wide-sweeping rate increases absent Risk Rating 2.0'" by reasoning that, "if Risk Rating 2.0 is declared unlawful[,] … the Plaintiff Policyholders and the Plaintiff States' residents would not be subject to the 'wide-sweeping rate increases' Defendants contend preclude Plaintiffs from establishing redressability." ECF 100 at 35–36. Defendants nonetheless make that already-rejected argument using the same words here—that Plaintiffs have not shown "they would somehow be exempt from these wide-sweeping rate increases in the absence of Risk Rating 2.0." ECF 216 at 3.

The Court was right to reject that argument the first time. Plaintiffs have established that Equity in Action caused "wide-sweeping rate increases," including to Parishes' National Flood Insurance Program (NFIP) policies. Granting the relief that Plaintiffs seek will redress that harm.

Defendants' argument to the contrary amounts to little more than speculation that they might injure Plaintiffs a different way by raising Plaintiff Parishes' premiums again even if this Court grants the relief Plaintiffs seek. How Defendants may choose to respond to a decision in Plaintiffs' favor here is not the redressability standard. "'[A] plaintiff satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself,'" especially where the defendant "has definite responsibilities relating to the application of" the relevant statute. *K.P. v. LeBlanc*, 627 F.3d 115, 123–24 (5th Cir. 2010) (citation omitted). That redressability standard is more than satisfied here: FEMA is responsible for administering the NFIP, its promulgation of Equity in Action is harming the Parishes (among others) by increasing their rates, and a favorable decision would relieve Plaintiffs from the harmful effects of Equity in Action.

Plaintiffs also respectfully request that the Court reconsider its order dismissing some Plaintiffs for lack of standing after it concluded that the Plaintiff States and some Plaintiff Parishes did have standing. Well-established Supreme Court and Fifth Circuit precedent holds that "the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Rumsfeld v. FAIR*, 547 U.S. 47, 52 n.2 (2006). Defendants acknowledge that general rule but claim there is an exception where "'the standing question is not complex, and the Court *knows* that a party is without standing.'" ECF 216 at 1 (quoting *Colville v. Becerra*, 2023 WL 2668513, at *9 (S.D. Miss. Mar. 28, 2023)). Not so.

For one, Defendants' primary support for this rule is an unpublished order from another district court citing a Fifth Circuit aside in a footnote. For another, that same footnote goes on to say the opposite: "'[W]hen one of multiple co-parties raising the same claims and issues properly has standing, we do not need to *verify* the independent standing of the other co-plaintiffs.'" *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 344 n.3 (5th Cir. 2013) (quoting *Nat'l Solid Waste Mgmt. Ass'n v. Pine Belt Reg'l Solid Waste Mgmt. Auth.,* 389 F.3d 491, 501 n.18 (5th Cir. 2004)).

For yet another, neither condition for that purported exception is satisfied here. The standing question in this case is undoubtedly "complex," as this Court's extended discussion of the issue and the parties' extensive briefing at summary judgment demonstrate. *See* ECF 100 at 5–41. And Plaintiffs respectfully submit that this Court did not "know" with certainty that each of the dismissed Plaintiffs lacked standing, as demonstrated by the evidence that Plaintiffs have presented as part of their Motion for Reconsideration that, at the time the Court dismissed several Plaintiff Parishes, at least seven of the dismissed Parishes held flood insurance policies that satisfied the standing requirements this Court articulated in its order. ECF 186-1 at 3–5. In these circumstances, the Court should reinstate the dismissed Plaintiffs because at least one current Plaintiff has standing for the reasons explained in the Memorandum in Support of their Motion for Summary Judgment, ECF 195-2 at 22–28.

Dated: August 13, 2026

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

MORGAN BRUNGARD
Deputy Solicitor General

LOUISIANA DEPARTMENT OF JUSTICE
Office of the Attorney General
1885 N. Third Street
Baton Rouge, LA 70804
(225) 324-9866
BrungardM@ag.louisiana.gov

*/s/ Tyler R. Green*
TYLER R. GREEN
Consovoy McCarthy PLLC
222 S. Main Street
Ste 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

*Counsel for Plaintiffs*